ACKLEY and another vs. THE CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY.

RAILROADS: POTTER LAW.   *Shipment of freight by one road, consigned to a point on another road; what tolls chargeable.*

1. Under the provisions of ch. 273, Laws of 1874 (generally known as the "Potter Act"), where lumber was shipped from Oshkosh, in this state, by the C. & N. W. R'y Co., consigned to Oconomowoc, *via* Watertown Junction, where the road of said company intersects that of the C., M. & St. P. R'y Co., running thence to Oconomowoc (said C. & N. W. Co. having no road between the last named place and said

junction), the highest price which the owner could be compelled to pay for the delivery of it at Oconomowoc (there being no reshipment at Watertown Junction, but the same cars running through from Oshkosh to the place of consignment) was $15 per car load — although the C. & N. W. Co. would have been entitled to charge the same price for conveying it to Watertown Junction, if it had been consigned to that place.

2. On the arrival at Oconomowoc of lumber shipped at Oshkosh for that place in the manner above stated, the owners tendered to the defendant company payment for the transportation thereof for the whole distance, at the rate of $15 per car load; but the company refused to deliver the lumber, on the ground that it had lawfully paid the charges of the C. & N. W. Co., at the same rate, for the carriage of the lumber to Watertown, and was entitled to a further compensation for the carriage thereof on its own road between Watertown and Oconomowoc. *Held*, that plaintiffs, having tendered the full rates chargeable for the *whole* carriage, are entitled to possession of the lumber.

3. When goods are shipped by one railroad company in this state for delivery at some point on the line of a connecting road of another company, and charges at the rates allowed by law for the whole distance are collected by one of the companies, the sum should be divided between the two companies upon some equitable principle, to be determined by the courts in case the companies invoke their aid for that purpose.

APPEAL from the Circuit Court for *Milwaukee* County.

Action to recover two car loads of lumber. The facts were stipulated as follows:

Plaintiffs are partners, and general owners of the lumber, the value of which was $260. Defendant is a corporation duly organized under the laws of Wisconsin, and engaged in operating a railroad; one part of which extends from Oshkosh to Milwaukee, and thence through Oconomowoc to Watertown Junction, and to La Crosse, a distance of about one hundred and thirty miles. The Chicago & Northwestern Railway Company is a corporation duly organized under the laws of Wisconsin, engaged in operating a railroad; and its line extends from Oshkosh to Watertown Junction, and thence to Chicago. Said two roads intersect and connect at Watertown Junction;

and the C. & N. W. Co. has no line of road from that junction to Oconomowoc. The distance from Oshkosh to Watertown Junction over the road of the C. & N. W. Co. is sixty-three miles; and the distance from Watertown Junction to Oconomowoc over defendant's road is twelve miles. On the 10th of May, 1874, plaintiffs shipped said two car loads of lumber at Oshkosh, over the Chicago & Northwestern Railway to Oconomowoc. The C. & N. W. Co. transported the lumber over its line of road, from Oshkosh to Watertown Junction, and at said junction, on the 11th of May, 1874, delivered it to the defendant, to be transported by it to Oconomowoc, subject to the payment of the sum of $30 for the charges of the C. & N. W. Co. as its compensation for transporting the lumber from Oshkosh to Watertown. Defendant, on the said 11th day of May, received said two car loads of lumber from the C. & N. W. Co. at Watertown Junction for transportation to Oconomowoc, and then and there paid to said last named company the sum of $30, so demanded by it, as advance charges. On the same day defendant transported said lumber over its road from Watertown Junction to Oconomowoc; and charged for its compensation for such transportation the sum of $18. On the said 11th of May, defendant had said lumber at Oconomowoc ready to be delivered to plaintiffs on their paying to defendant said sums of $30 and $18, amounting in all to $48; which amount defendant demanded as a condition of delivery. Plaintiffs then and there refused to pay said amount, but afterwards, and before the commencement of this action, tendered to defendant $30 in lawful money, and thereupon demanded said lumber; but defendant refused to accept said tender or deliver possession of the lumber.

The court instructed the jury "that ch. 273, Laws of 1874, was constitutional and binding upon the railroad companies; that the amount fixed by said act for the transportation of freight was all that the companies were entitled to charge; that, as the distance from Oshkosh to Oconomowoc was only seventy-

five miles, the said railroad companies were only authorized to charge fifteen dollars per car load for said lumber; that, as the plaintiffs tendered that amount to the defendant before bringing suit, and the defendant refused to receive the same, the plaintiffs were entitled to said lumber; and that their verdict should be for the plaintiffs."

The plaintiffs had a verdict, upon which judgment was entered for a return to them of the property, and for costs. The defendant appealed.

*John W. Cary*, for the appellant. [No brief on file.]

*Finches, Lynde & Miller*, for respondents:

1. The amount which plaintiffs must pay is fixed by sec. 4, ch. 273 of 1874, with the last clause of sec. 5, which declares that the distance for carrying freight "shall be computed from where it is received, notwithstanding it may pass from one railroad to another." These two car loads of lumber were received for transportation at Oshkosh, and the distance is to be computed from that place. Any other construction of the law would work a great hardship on the public. As to the rule of construction, see opinion of TINDAL, C. J., in *Barrett v. Stockton R. Co.*, 2 Man. & Gr., 134, and the following cases there cited: *Giddart v. Gladstone*, 1 East, 675; *Case of Dock Co. at Kingston upon Hull*, 2 Barn. & Ad., 58; opinion of BAYLEY, J., in *Company of Prop. of L. & L. Canal v. Hustler*, 1 Barn. & Cress., 424 (8 E. C. L., 118); 2 D. &. R., 556; and opinion of HOLROYD, J., in *Britain v. Cromford Canal Co.*, 3 Barn. & Ald., 141. 2. Even if defendant was entitled to charge for transporting this lumber as if Watertown Junction were the place of receiving it, the attempted charge of nine dollars a car was in violation of law. Ch. 273 of 1874, secs. 3, 4, 6. 3. It was contended that the C. & N. W. Co. was entitled to fifteen dollars per car for transporting this lumber from Oshkosh to Watertown Junction, and that if our construction of the law were sustained, the defendant would be obliged to transport it from Watertown Junction to Oconomowoc without any com-

pensation.   (1.) When the C. & N. W. Co. received the lumber, it knew that fifteen dollars per car was the full amount that could be charged for the transportation the entire distance, and could not claim that it was entitled to charge fifteen dollars per car for transporting it a part of the way.   The fact that the statute does not fix the rule by which the roads shall graduate their charges under such circumstances, is no reason why the law should not be enforced.   (2.) But even if the defendant were compelled to transport this lumber without compensation, this might work no injustice or hardship.   In like cases, where freight was shipped on defendant's road to points on some connecting road, defendant would be entitled to charge the entire sum allowed by law for the whole distance.   (3.) Whether defendant has a right, as it insists, to charge toll for all freight transported over its road, depends on its charter and the statutes amending it.   *Perrine v. C. & D. Canal Co.*, 9 How. (U. S.), 184, and the cases there cited; also *Grantham Canal Navigation v. Hall*, 3 Eng. Railway and Canal Cases, 722; *S. & D. Railway Co. v. Barrett*, id., 724.

LYON, J.   This action was commenced before the late decisions of the railway injunction cases were announced, and was probably brought to test the validity of ch. 273, Laws of 1874, known as the "Potter Act."   In those cases the court did not pass upon that act in detail, but held, generally, that the legislature has authority, under the constitution, to limit the rates which railway companies may charge and receive for carrying persons and property in this state.   This case raises the question of the validity, in a certain contingency, of specific provisions of the act.

Premising that the railways of the defendant company and of the Chicago & N. W. R'y Co. are included in class A., and the car loads of lumber in controversy in class G., the provisions of the act applicable to the case are as follows: "No individual, company or corporation, owning, operating, managing or leasing

any railroad or part of a railroad designated in section one as class A. or B. shall charge for or receive a greater or higher rate for carrying articles named in the several special classes herein designated, than is hereafter provided, namely,   *   *   *   *   class G., not exceeding eight dollars per car load for the first twenty-five miles, and not exceeding five dollars per car load for the second twenty-five miles, and not exceeding two dollars per car load for each additional twenty-five miles, or fractional part thereof, unless the fraction be less than thirteen miles, in which case the rate shall not exceed one and one-half dollars per car load for such fractional part.   *   *   *   *   * In computing the rates for carrying any freights according to the provisions of this act, the distance for carrying such freight shall be computed from where it is received, notwithstanding it may pass from one railroad to another." (Secs. 4 and 5).

Under the foregoing provisions, it is apparent that the maximum rate for carrying the lumber of the plaintiffs from Oshkosh to Oconomowoc is the same as it would have been had the carriage terminated at Watertown Junction. From this fact it is contended, on behalf of the defendant company, that the act seeks to compel it to transport the lumber from Watertown Junction to Oconomowoc without compensation, and it is argued that such an enactment is not a valid exercise of legislative power. We do not so understand the act. It is true that, had the lumber been consigned to Watertown Junction, the C. & N. W. R'y Co. would have been entitled, under the act, to demand and receive fifteen dollars per car load for the carriage thereof. But the lumber was consigned to Oconomowoc, and that company received it so consigned. It received the same with full knowledge that the maximum legal rate for the whole carriage was fifteen dollars per car load, and that the defendant company was to perform a portion of the service. We are aware of no statute which assumes to give the whole freight to one company, and thus compel the other to render services without compensation. We are of opinion that fifteen

dollars per car load is the highest rate of freight that can lawfully be demanded for the whole carriage, and that the same should be divided between the two railway companies on some equitable principle, to be determined by the courts in case the companies invoke the aid of the courts in the premises.

Because the act does not require the defendant to transport the plaintiff's lumber without compensation, we are relieved from the duty of deciding what the effect would be, did the act so require.

The plaintiffs, having tendered to the defendant the full amount of freight which the statute permits to be charged, were entitled to the lumber; and the judgment of the circuit court awarding to them the possession thereof is correct, and must be affirmed.

*By the Court.*—Judgment affirmed.