## DILLON vs. LINDER.

REPEAL OF STATUTES: *Effect on pending actions, or rights of action already accrued. Construction of sec.* 33, *ch.* 119, *R. S.*

1. Actions pending, or rights of action accrued, under a statute, may be saved after its repeal, either by a clause in the repealing act, or by a general prospective statute for that purpose.

2. But where the *cause of action* itself was wholly created by the statute repealed, such saving clause or statute, to have that effect, must expressly reserve the *right of action* as well as the action itself.

3. Sec. 33, ch. 119, R. S. (first found, in this state, as ch. 11, Laws of 1852), declares that "no action at law or criminal prosecution now pending, or which shall be hereafter commenced, founded upon any statute of this state, shall be defeated by a repeal of such statute; but any such action or prosecution shall proceed to issue, trial, and final judgment, in the same manner and to the same purpose and effect as though the statute upon which the same is or shall be founded was continued in full force, virtue and effect to the time of such trial, issue and final judgment." *Held,*

    (1) That this provision, being as applicable to criminal as to civil actions, must be *strictly construed.*

    (2) That it does not preserve the *right of action* created by a statute, after the repeal of such statute.

    (3) That it must therefore be held applicable only to the repeal of statutes giving *new forms of remedy* for old rights, or providing new modes of prosecution for offenses existing by law outside of the statute repealed.

4. Action for injuries suffered by plaintiff in consequence of the intoxication of her husband, caused by liquors sold him by defendant. Before trial of the issue, ch. 127, Laws of 1872, under which the action was brought, was repealed by ch. 179, Laws of 1874, which contains no saving clause. *Held,* that the plaintiff's claim, not having gone into judgment, and being wholly created by the act of 1872, fell with the repeal of that act.

APPEAL from the Circuit Court for *Marathon* County.

Action commenced in February, 1874, by a married woman, to recover under ch. 127, Laws of 1872, for injuries alleged to have been suffered by her in consequence of the sale of intoxicating drinks by defendant to her husband. At the trial, in

Dillon vs. Linder.

April, 1874, defendant objected to the admission of any testimony under the complaint, upon the ground that the action had abated by the repeal of the statute under which it was brought, and because the complaint did not state facts sufficient to constitute a cause of action. The court overruled this objection, and proceeded with the trial.

Defendant's motion for a nonsuit, made at the close of plaintiff's testimony, and his subsequent motion, on the minutes of the court, to set aside the judgment rendered against him, were likewise denied; and he appealed from the judgment.

The last act found in the volume containing the statutes of the territory of Wisconsin, as revised and adopted in 1839, is entitled "an act to repeal the acts therein mentioned." The first three sections repeal a large number of acts then in force in the territory. Sections 4 – 6 are as follows :

" § 4. The repeal of any statutory provisions by this act shall not affect any act done or right accrued or established, or any proceeding, suit or prosecution had or commenced, previous to the time when such repeal shall take effect; but every such right, act and proceeding, shall remain as valid and effectual as if the provisions so repealed had remained in full force.

" § 5. No offense committed, and no penalty or forfeiture incurred, previous to the time when any statutory provision shall be repealed, shall be affected by such repeal, except that when any punishment, forfeiture or penalty, shall have been mitigated by the laws to be in force after such repeal, such provision shall apply to and control any judgment to be pronounced after the repeal, for any offense committed before that time.

" § 6. No prosecution for any offense, or for the recovery of any penalty or forfeiture, pending at the time any statutory provision shall be repealed, shall be affected by such repeal ; but the same shall proceed as if any such provision had not been repealed, except that such proceedings shall be conducted according to the provisions of the law in force at and after the time of such repeal."

Dillon vs. Linder.

Section 1, ch. 157 of the revised statutes of 1849, declares that " all the provisions contained in the revised statutes and in this chapter shall take effect and go into operation, unless otherwise specially provided for by law, from and after the first day of January, 1850," and that " from and after the day last mentioned," all the acts and parts of acts thereinafter mentioned shall be repealed. Secs. 2 – 4 then provide as follows:

" Sec. 2. The repeal of the acts mentioned in the preceding section shall not affect any act done or right accrued or established, or any proceeding, suit or prosecution had or commenced in any civil case previous to the time when such repeal shall take effect ; but every such act, right and proceeding shall remain as valid and effectual as if the provision so repealed had remained in force.

" Sec. 3. No offense committed, and no penalty or forfeiture incurred, previous to the time when any statutory provision shall be repealed, shall be affected by such repeal ; except that when any punishment, forfeiture or penalty shall have been mitigated by the provisions of these revised statutes, such provisions shall apply to and control any judgment to be pronounced after the said statutes shall take effect, for any offense committed before that time.

" Sec. 4. No prosecution for any offense, or the recovery of any penalty or forfeiture, pending at the time any statutory provision shall be repealed, shall be affected by such repeal ; but the same shall proceed in all respects as if such provision had not been repealed, except that all such proceedings had after the time when the said revised statutes shall take effect, shall be conducted according to the provisions of the said statutes, and shall be in all respects subject to the said provisions."

Section 1, ch. 191 of the revised statutes of 1858, declares that " all the provisions contained in the revised statutes and in this chapter shall take effect and go into operation, unless otherwise specially provided for by law, from and after the

first day of January, A. D. 1859," and that "from and after the day last mentioned," the acts of the legislature of this state thereinafter mentioned, shall be repealed. Sections 2, 3 and 4 of the chapter are identical in terms with secs. 2-4, R. S. 1849, above recited.

Sec. 33, ch. 119, R. S. 1858, is as follows: "No action at law or criminal prosecution now pending, or which shall hereafter be commenced, founded upon any statute of this state, shall be defeated by a repeal of such statute; but any such action or prosecution shall proceed to issue, trial and final judgment in the same manner, and to the same purpose and effect, as though the statute upon which the same is or shall be founded was continued in full force, virtue and effect to the time of such trial, issue and final judgment."

Sec. 6, ch. 127, Laws of 1872, contained the following provisions: "Every husband, wife, child, parent, guardian, employer or other person who shall be injured in person or property or means of support, by any intoxicated person, or in consequence of the intoxication of any person, shall have a right of action in his or her own name, severally or jointly, against any person or persons who shall, by selling or giving away intoxicating liquors, have caused the intoxication, in whole or in part, of such person or persons; and any person who shall have caused such intoxication, as aforesaid, shall be liable for all damages sustained, and for exemplary damages; and a married woman shall have the same right to bring suits and to control the same as a *feme sole.*" Said ch. 127 was repealed by ch. 179, Laws of 1874, which took effect March 10, 1874. Sec. 16 of this act reads as follows: "Any person or persons who shall be injured in person, property or means of support by or in consequence of the intoxication of any minor or habitual drunkard, shall have a right of action severally or jointly in his, her or their name against any person or persons who have been notified or requested in writing by the authorities designated in section 10 of this act, the husband, wife, parents, relatives,

guardians or persons having the care or custody of such minor or habitual drunkard, not to part with liquor or other intoxicating drinks to them, and who, notwithstanding such notice and request, or shall knowingly sell or give away intoxicating liquors, thereby causing the intoxication of such minor or drunkard, and shall be liable for all damages resulting therefrom. A married woman shall have the same right to bring suit and to control the same as a *feme sole.*"

*C. H. Mueller* and *E. L. Bump*, for appellant :

1. There was no remedy at common law for the injuries here complained of. The cause of action was created by ch. 127, Laws of 1872 ; the action was brought under that statute, and must stand or fall with it. The complaint does not state a cause of action under ch. 179, Laws of 1874. The latter statute absolutely repeals the former, and the action is thereby abated. *Beebe v. O'Brien*, 10 Wis., 481 ; *State v. Ingersoll*, 17 id., 631 ; *Kertschacke v. Ludwig*, 28 id., 430 ; *State ex rel. Voight v. Hoeflinger*, 31 id., 257 ; *Butler v. Palmer*, 1 Hill, 324, and cases cited. 2. Respondent claims that the action is saved by sec. 33, ch. 119, R. S. This statute was first passed in 1852 (see ch. 11 of the laws of that year), and with many other laws was repealed by ch. 191, R. S.

*B. W. James* (with *G. L. Park*, of counsel), for respondent :

1. The plaintiff's action was saved by sec. 33, ch. 119, R. S. See 13 Barb., 390 ; 4 id., 64 ; 22 N. Y., 95 ; id., 155 ; Tay. Stats., ch. 188, §§ 3, 4 ; R. S., ch. 191, secs. 3, 4. 2. The action was commenced before the repeal of the statute giving it, and plaintiff had, therefore, acquired a vested right which could not be taken away by statute. 13 Wis., 50 ; 19 id., 17 ; 3 Chand., 222 ; 1 Kent's Com., 455 and note (a) ; Dwarris on Stats., 158, note 5 ; 9 Barn. & Cress., 524 ; Skinner's R., 365 ; 4 Denio, 374–5. The repealing statute does not expressly include existing actions or rights of action, and therefore should not be construed to act retrospectively. Sedgwick on Stat. and Con. Law, 134–5 ; 5 Hill, 334 ; 7 Johns., 477, 499 ; 11 Paige, 403 ;

5 Duer, 183 ; 3 Barb., 306 ; 6 id., 328 ; 10 Wend., 362 ; 12 id., 490 ; 18 Abb. Pr., 143 ; 25 How. Pr., 416 ; Dwarris on Stats., 162, note 9. 3. The repealing act (ch. 179, Laws of 1874) does not take away the right given by the former statute, but merely changes the form of the proceeding. Such a modification of the remedy cannot, under the former rulings of this court, be construed to defeat the plaintiff's action. 3 Wis., 669 ; 20 id., 634 ; 18 id., 257 ; *Beebe v. O'Brien*, 10 id., 485.

RYAN, C. J. The distinction between this action, brought under ch. 127 of 1872, and the action authorized by ch. 179 of 1874, is too broad and clear for discussion. This case must stand or fall under the former statute.

The act of 1872 was repealed by the act of 1874, before the trial of the issue in this case. And the controlling question on this appeal is, whether the action survived the repeal of the statute which gave it.

It is hardly necessary to observe that the right of action in the case was entirely created by the statute: had no existence at the common law, or under any other statute. Outside of the statute giving it, the respondent had no color of right for the action.

Whatever a statute gives, which has not ripened into a vested right, a repeal of the statute may take away. "The effect of a repealing statute I take to be, to obliterate the statute repealed as completely from the records of parliament, as if it had never been passed; and that it must be considered as a law that had never existed, except for the purpose of those actions or suits which were commenced, prosecuted and concluded while it was an existing law." *Key v. Goodwin*, 4 Moore & P., 341. " A repealing clause in such an enactment as necessarily divests all inchoate rights which have arisen under the statute which it destroys." *Butler v. Palmer*, 1 Hill, 324.

There is sometimes difficulty in the application of this principle; but the principle itself is universally recognized. And

it has been repeatedly acted on by this court.    *Pratt v. Brown*, 3 Wis., 603 ; *Beebe v. O'Brien*, 10 id., 481 ; *State v. Ingersoll*, 17 id., 631 ; *Kertschacke v. Ludwig*, 28 id., 430.

In *Beebe v. O'Brien*, the court says: " The error seems to have arisen from supposing this case to be like those where the repeal of a statute creating a cause of action, or a remedy, or conferring jurisdiction where it did not before exist, has been holden to carry with it actions pending at the time of such repeal. That such is the effect of an absolute repeal of a statute of that character, is so abundantly established by the authorities as not to admit of doubt or discussion.    The most familiar instances of the first class, or where the statutes give the right of action, are to be found in those cases where the unqualified repeal of a penal statute upon which a pending action was founded, has been held to extinguish the suit.    In such cases, it has been held that where the statute is repealed after verdict for the penalty, but before judgment, or pending an appeal to a superior from an inferior court, no judgment whatever can be pronounced. The subject matter or cause of action is gone ; it is as if it had never existed.    There is nothing for which the court can give judgment.    The consequences of the repeal of such a statute are the same in civil as in criminal cases." And this view is approved in *Kertschacke v. Ludwig*.

All the cases, however, recognize the power of the legislature to save  rights accrued, or  actions pending, under the repealed  statute, by express  provision in the repealing  statute. And this may be done, also, by a  general, prospective statute. *Gilleland v. Schuyler*, 9 Kan., 569.    And the question here is, whether the right accrued to  the  respondent under ch. 127, Laws of 1872, and her pending action to enforce the right, are preserved by such a  saving clause.    It is apparent, from the authorities already cited, that not only the action, but the right on which the action is founded, must survive the repeal,  . or the judgment of the court below cannot be upheld.

There is no such saving clause in the repealing act itself.    It

contains rights and remedies of its own, but discloses no legislative purpose of saving rights and remedies of the act repealed. It was, on the face of the repealing act, the manifest purpose of the legislature to obliterate the statute repealed, as if it had never been passed.

But the respondent claims that, not only her pending action, but the cause of action itself, given to her by the repealed statute, is preserved by sec. 33, ch. 119, R. S.

This section is first found in ch. 11, Laws of 1852. It is the only subject of that chapter, and was presumably framed with deliberate care. It was thence adopted into the revision of 1858 *verbatim*. There is, therefore, a double presumption that it fully and explicitly expresses the legislative intention.

It has equal relation to civil actions and to criminal prosecutions. Its application to the latter binds us to give it a strict construction. And, as it can have but one construction, it must have a strict construction in all cases.

It provides that no pending actions at law or criminal prosecutions, founded upon a statute, shall be defeated by the repeal of the statute; but that all such shall proceed to issue, trial and judgment, in the same manner and to the same purpose and effect, as if the statute continued in force. This is explicit and forcible language as far as it goes; but the terms used relate exclusively to the proceeding, and not to the right given or to the penalty imposed by the statute.

And it is strongly and significantly in contrast with secs. 3 and 4 of ch. 191 of the same revision of 1858, copied from secs. 3 and 4, ch. 157 of the revision of 1849, altered from the repealing act of the revision of 1839.

These sections in the revisions of 1849 and 1858 are limited to criminal matters and to repeals by the revision itself. Sec. 3 provides that " No offense committed and no penalty or forfeiture incurred previous to the time when any statutory provision shall be repealed, shall be affected by such repeal," thus specifically and separately saving the offense or penalty

itself. Sec. 4 provides that "no prosecution for any offense or the recovery of any penalty or forfeiture, pending at the time any statutory provision shall be repealed, shall be affected by such repeal, but shall proceed in all respects as if such provision had not been repealed," thus specifically and separately saving the proceeding. And so we have plainly manifested, at the very time of the re-enactment of sec. 33, the understanding of the legislature that it was necessary to include the cause of prosecution, as well as the mere proceeding of prosecution, in the saving clause, if such were the legislative intention.

Still more strong and significant is the contrast of sec. 33 with sec. 2, ch. 191 of the revision of 1858, copied from sec. 2, ch. 157 of the revision of 1849, there copied in turn from sec. 4 of the repealing act of the revision of 1839.

This section also is confined to repeals by the revision itself; and provides that such repeal "shall not affect any act done, or right accrued, or established, or any proceeding, suit, or prosecution, had or commenced in any civil case previous to the time when such repeal shall take effect; but every such act, right and proceeding shall remain as valid and effectual as if the provision so repealed had remained in force."

This is intended to cover the same ground in civil cases, as secs. 3 and 4 do in criminal cases. And here again there is a distinct and separate saving of the cause of action, whether action be brought or not, as well as mere pending actions. All these careful and deliberate provisions, considered and renewed from time to time, go upon the principle that, if such be the intention, it is essential to provide for the survival of the right or cause of action, as something quite distinct from the survival of pending actions. Under sec. 2, ch. 191, a right accrued under a statute is preserved, whether in suit or not; if in suit, the suit shall not abate by repeal; if not in suit, still a suit may be brought, notwithstanding the repeal. And this is a consistent and comprehensible policy. But the construction

which we are asked to put upon sec. 33, that it preserves rights in suit, but suffers rights not in suit to fall with the statute, is neither consistent nor reasonable.

It is probable that secs. 3 and 4, ch. 191, were passed to meet cases of repeal and re-enactment of old statutes, or slight modifications of them, in the revision. It is pregnant with instruction on the question before us, that, confined to the revision itself, they not only do not indicate, but they repel, a prospective and general legislative policy, such as is imputed to sec. 33, to change the beneficent rule applicable to the repeal of penal statutes. And if it were true that the adoption of sec. 33 in 1852 established such a change, then secs. 3 and 4 were not only unnecessary additions to sec. 33, but their limitations to repeals by the revision is apparently in conflict with the unlimited purpose imputed to sec. 33.

And this view appears to become irresistible when considered in the light of the fact, that secs. 3 and 4, as they stood in the revision of 1839, were not confined to repeals by the revision, but were general and prospective: having relation to all repeals, present and future, of all penal statutes. This was a harsh and unusual policy, repudiated and abandoned in 1849, by the modification of the sections to their present form; clearly establishing a legislative intention to return to and abide by the more humane policy of the law. And this was ratified in 1858, by the re-enactment of the sections as modified in 1849.

It is inconceivable that, in adopting and re-adopting sec. 33, ch. 119, the legislature overlooked the fact that the terms of the section relate only to the proceeding, and omit all saving of the crime or penalty or cause of action, of the act done or right accrued: a variance from the careful and repeated language of secs. 2, 3 and 4, ch. 191, which could not well be inadvertent or accidental.

It has been for centuries the wise and humane policy of the law, that a conviction could not be had, after the repeal of a

penal statute, for act done or penalty incurred under the statute while it was in force. This merciful principle enters into a wide range of rules of judicial decision, and is not lightly or capriciously to be abandoned. It would be our duty to obey a positive abolition of it by the legislative power. But we can not in duty surrender it to an argumentative construction of sec. 33 beyond the express import of its terms.

We can give no broader construction to sec. 33, ch. 119, than its terms expressly warrant. We hold it to be applicable only to the repeal of statutes giving new forms of remedy for old rights, or providing new modes of prosecution for offenses existing by law outside of the statute. This gives full effect to every word of the section, and does violence to none. And, outside of the rule of strict construction, this appears to us to be the fair import of the language used. It is certainly a safer and juster construction, than to overturn old, settled, comprehensive and benignant rules of decision, by forcing a meaning upon words and phrases which they do not fairly imply.

We therefore hold that the effect of the absolute repeal of ch. 127 of 1872, by ch. 179 of 1874, upon pending actions under the former, not in judgment, was not lessened or modified by the saving clause of sec. 33, ch. 119, R. S.; and that the respondent's claim under the act of 1872 fell with the repeal of the statute which gave it. Had it gone into judgment before the repeal, it would have been a vested right, a *jus in re*, which the repeal could not have divested. Being only in process of suit, it was only an inchoate and imperfect right under the statute, little more than a *jus precarium*, resting on the existence of the statute which gave it, and falling with its repeal.

*By the Court.*—The judgment of the court below is reversed, and the cause remanded with directions to the court below to dismiss it.