THE ATTORNEY GENERAL VS. THE CHICAGO, MILWAUKEE
& ST. PAUL RAILWAY COMPANY.

*Cause not ready for final judgment. Effect of changes in the statutes regulating rates of toll on railways.*

Upon an information filed in August, 1874, to restrain the defendant from charging in excess of the maximum rates of toll fixed by ch. 273 of 1874, a temporary injunction, in accordance with the prayer, was granted in September, 1874 (35 Wis., 425). The cause coming on at this term for final judgment on the original pleadings and proofs, and such final judgment being asked by both parties, and it appearing that the classification of railroads and the maximum rates of toll have been materially changed by chaps. 113 and 334 of 1875, the court holds that the cause is not ripe for judgment, and (being about to close the term) orders its continuance until the next term.

RYAN, C. J. The information in this case proceeds upon ch. 273 of 1874; avers the defendant's disregard of the *maximum* rates of fare and freight fixed by that statute; and prays a temporary injunction *pendente lite*, and judgment of perpetual injunction restraining the defendant from taking higher rates than those of that statute. And when the case came before us on motion for interlocutory injunction, we ordered a

writ according to that prayer (35 Wis., 425), which has not since been brought before us for consideration.

Since then, ch. 273 of 1874 has been amended by chaps. 39, 113 and 334 of 1875. We have looked into these acts, and some of the amendments seem to us to be of grave importance in this litigation. The classification of railroads is changed by ch. 113 of 1875, and the maximum rates by ch. 334 of 1875.

At the present term, and after the passage of these acts of 1875, the cause came on for hearing on pleadings and proofs; and we were pressed to proceed to final judgment, by both parties. We then suggested to counsel that the cause might not be ready for hearing, and that the information might first require amendment to make it correspond with the law as it now stands.

Our suggestion has not been acted on, and the cause remains in the same condition. We are about to close the term. And we have to determine what we should do with the cause as it is.

It is a little singular that no application should have been made for a modification of the injunction; and that the defendant should remain apparently bound by rates changed by law some four months ago. But, whatever may be the reason of that, we certainly cannot decree perpetual injunction not to disregard statutory rates which have, at least in part, ceased to be obligatory, or obedience to a statute as originally passed, which has since been materially amended.

Other grave questions, arising from the change of law, were suggested at the hearing, which may call for amendment of pleadings and corresponding proofs. And it seems to us very plain that the cause is not ripe for judgment.

Under these circumstances, we consider it proper to continue the cause to the next term, when both parties will have opportunity to take such course as they may be advised.

*By the Court.* — Let the cause be continued.