STREETER and another vs. THE CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY.

RAILROADS: PENALTIES: PLEADING. (1) Measure of recovery for excessive freight charges under act of 1874. (2) Effect of voluntary payment. (3) Waiver of objection to pleading.

1. While ch. 273 of 1874 was in force, defendant, a railway company of this state, received plaintiff's goods from another company of this state, paying as back charges thereon a greater sum than such other company could lawfully charge, and, on delivery of the goods to plaintiffs, collected from them the amount of such back charges, together with illegal charges for carriage upon its own road. *Held*, that plaintiffs can recover from defendant only three times the excess in its charges for carriage on its own road, and not for the excess in the charges of the other company. *Ackley v. C., M. & St. P. R'y Co.*, 36 Wis., 252, distinguished.

2. The fact that shippers or consignees of goods, under the act of 1874, paid unlawful railway charges thereon with full knowledge of the facts, and without protest, will not prevent a recovery.

3. Where the complaint was for three times the amount of the aggregate of overcharges upon numerous different articles, and a bill of particulars was annexed, it was too late after judgment to object for the first time to the form of pleading, even if it was defective.

APPEAL from the Circuit Court for *Milwaukee* County. The following statement of the case was originally prepared by Mr. Justice COLE as a part of his opinion herein:

"This action was brought to recover three times the excess of freight above the rates prescribed by ch. 273, Laws of 1874, paid by the plaintiffs to the defendant company for the transportation of lumber. It appears that a number of carloads of lumber were consigned by the plaintiffs from Big Suamico and Fond du Lac on the Chicago & Northwestern Railway, and from Emery on the West Wisconsin Railway, to themselves at Oconomowoc. The lumber consigned from the two points first named was carried by the Chicago & Northwestern Railway to Watertown Junction, and there delivered to the defendant, which paid the advance charges and trans-

ported the same to the place of destination. The lumber from Emery was transported by the West Wisconsin Railway to Camp Douglas Junction, and was delivered to the defendant in like manner upon payment of advance charges. All the property was delivered to the plaintiffs at Oconomowoc on their paying these advance charges and such charges as the defendant made for its own carriage. The companies are distinct, operating independent roads, and it is not claimed that one corporation had any right or authority to fix rates, or that it did in fact attempt to make rates, for the other. But the plaintiffs claim that the defendant is responsible, not only for the excess of charges made and collected by it for its own services, but also for any excess in the back charges made by the first carriers, because the defendant received and accounted for such charges to these carriers, thus rendering itself liable for their acts. The learned circuit court sustained that construction of ch. 273, and a recovery was in fact had for the whole amount of excess in both classes of charges."

The defendant appealed from the judgment.

*John W. Cary*, for the appellant, argued, *inter alia*, that if more than one penalty is to be recovered in one suit, separate causes of action must be stated (*Hill v. Herbert*, 3 N. J. Law, 924; *Bartolett v. Achey*, 38 Pa. St., 273; *Brooklyn v. Cleves*, Hill & Denio, 231); that the complaint shows that the action should have been against the Chicago & Northwestern Railway Company, as well as the defendant; that defendant is responsible only for the charges made and collected for its *own* services, and only the excess of *those* charges could be recovered in this action; that there was in fact no excess in the charges made by defendant for its own services, but the rates charged by it for carriage from Watertown to Oconomowoc were such as it was authorized by the laws of this state to charge for carrying the lumber that distance, and it was not bound to carry goods for the C. & N. W. R'y Co. at any less rates than for other persons; that it was not defendant's

business to question the advance charges subject to which the property was delivered to it, but the C. & N. W. R'y Co. must be considered plaintiff's agent in delivering the lumber to defendant, and fixing the amount of advance charges; and that, plaintiff's payment of the amounts charged having been voluntary, there could be no recovery. *City of Philadelphia v. The Collector*, 5 Wall., 720, 732; *Cary v. Curtis*, 3 How. (U. S.), 236, 247; *N. Y. & H. R. R. v. Marsh*, 12 N. Y., 308; *Clarke v. Dutcher*, 9 Cow., 674; *Mowatt v. Wright*, 1 Wend., 356; *Sup'rs of Onondaga v. Briggs*, 2 Denio, 26; *R. R. Co. v. Soutter*, 13 Wall., 517, 524; *Woodburn v. Stout*, 28 Ind., 77; *Garrison v. Tillinghast*, 18 Cal., 408.

Briefs were filed for the respondents by *J. Henry Westover*, and the cause was argued orally for them by *F. C. Winkler*. It was contended on that side: 1. That the several causes were sufficiently pleaded, by alleging the excess taken and annexing a bill of particulars; such a general mode of pleading being allowed where great prolixity is thereby avoided. Stephen's Pl., 355. 2. That all objections for misjoinder of causes of action or defect of parties defendant were waived by neglecting to take them by demurrer or answer. 3. That the fact (if admitted) of a voluntary payment by plaintiffs would not defeat this action. *Wood v. Lake*, 13 Wis., 84. 4. That defendant was liable for three times the excess in the *whole amount* of charges which it actually collected. It was bound to know, when it paid advance charges, what they were for, and that the delivering road was limited in its charges according to the distance which it had transported the lumber. It could not ignore the existence of the law which was a part of its own charter. The statute makes liable to the action the company which shall charge and receive from the injured party the excessive freight. *Ackley v. C., M. & St. P. R'y Co.*, 36 Wis., 252.

COLE, J. The first question which will be considered is,

whether the court below was right in holding the defendant liable for any excess in the charges made by the companies from which it received the property in the usual course of transportation. And upon that point we are clearly of the opinion that the defendant cannot be held liable for the acts of the other carriers, under the provisions of the law counted upon in the complaint. By that statute the legislature fixed the rates which railway companies might charge and collect for the carriage of persons and property over their respective roads within this state. The law prescribes the strictly ordinary rates for such transportation in the usual course of business; it does not attempt to make one company liable in a penal action for the acts of another corporation, nor does it limit the compensation which a railway company might receive on a special contract for any extraordinary or extra service which it might render a party dealing with it. But it was the strictly ordinary and common rates about which the legislature was concerned, and these it regulated and fixed by the provisions of the act. By the sixth section (the one under which this action is brought), it is in substance, among other things, enacted, that no railway corporation, lessee or other person, shall charge or receive any greater compensation for carrying freight or passengers than that provided in the act, and any individual or company violating its provisions, and every agent of such company or corporation who should charge for the transportation of any of the designated property a greater sum or higher compensation than that prescribed, should be deemed guilty of a misdemeanor, and on conviction should pay, etc.; "and the injured party shall have a right of action against said agent, or against the railroad company, or other persons operating the railroad, or both, in which he shall be entitled to recover three times the amount taken or received from him in excess of the rates prescribed by this act."

Now it seems to us very plain that this provision relates to

overcharges which a railway company or its agent might or should make as a compensation for its own services. The penalty attaches to such a violation of the law. Where the railroad company or its agent exacted or received for its usual, ordinary service in the transportation of property over its road more than the legal rates, there it was made amenable to the party aggrieved for three times the excess. The act, as before intimated, is penal in its character, and must receive a strict construction. It would be a forced, unnatural and most unreasonable construction, to hold that the law makes a rail-road corporation responsible not only for the acts of its own agents, for any overcharges which they should make as a com-pensation for carrying of freight over its road, for violations of the act in that respect of which its agents were guilty, but likewise makes it answerable for the excessive charges of another corporation and the acts of agents over which it has no control. We think the statute in question has no such in-tent, and that it is not fairly susceptible of any such interpre-tation. Whatever overcharges the defendant made above the legal rates as recompense for its services in carrying the lum-ber over its road, it is responsible in this action for three times the excess. But that is the extent of its liability. From the evidence in the case it is impossible to determine the amount of the overcharges made by the defendant, if any were made, and that matter will of necessity be a subject of proof on another trial. But certainly we are very clear upon the point that if the first carrier violated the law and made overcharges for its transportation, the remedy of the plaintiffs is against that company for the wrong, and not against the defendant.

The case of Ackley and another against this defendant, 36 Wis., 252, is relied upon as sustaining the ruling of the court below; but we fail to see the application of the doctrine of that case to the one at bar. There an action was brought to recover possession of lumber when the plaintiff had tendered

to the defendant the full amount allowed by the act for transporting the property from Oshkosh, the place of shipment, to Oconomowoc, where it was consigned.   The Chicago & Northwestern Railway had charged the maximum legal rate for the whole carriage, for its services in transporting the lumber to Watertown Junction; and upon that state of facts it was urged that the action could not be sustained, because the defendant could not be compelled to carry the lumber over its own road from Watertown Junction to Oconomowoc without compensation.   But the court held, as the highest rate of freight that could lawfully be demanded for the whole carriage had been tendered, the action could be maintained, and that the freight must be divided between the two railway companies on some equitable principle.   But that decision furnishes no ground for holding the defendant liable in this action for any excess of charges made by the first carrier for its service.   True, the defendant paid the back charges and collected them of the plaintiffs; but that fact does not affect the question as to its liability.   The court below in effect instructed that it was its duty to know what these back charges were for, and that it was chargeable with notice that they were excessive.   We do not, however, think any such duty was imposed upon, or that any such notice was imputable to, the defendant, as the learned circuit judge supposed.   But were it otherwise, it is clear that the law does not render the defendant liable in this action for the excess in these back charges.

Another error relied on for a reversal of the judgment is the refusal of the court to give the following requests of the defendant:

"1. If you believe from the evidence that the several payments made by the plaintiffs were made with full knowledge of all the facts, voluntarily and without protest, then such payments were voluntary payments, and the plaintiffs cannot recover back the amount paid.

Streeter and another vs. The Chicago, Milwaukee & St. Paul Railway Co.

" 2. If the plaintiffs knew that a part of the amount paid was to be paid over to the Chicago & Northwestern Railway Company by the defendant, and the same was paid by the defendant to said Chicago & Northwestern Railway Company before any protest or objection was made by plaintiffs, then said plaintiffs cannot recover for the amount so paid to the Chicago & Northwestern Railway Company."

It is proper, in view of the order which we shall make, to express our opinion as to the correctness of these instructions when applied to this case. The learned counsel for the defendant claims and argues on this point, that the expense bills presented to the plaintiffs informed them fully what the charges were for, and what proportion was going to the Chicago & Northwestern Railway, and that one of the plaintiffs swears he fully understood it at the time, and paid with full knowledge. It is said the plaintiffs were not compelled to pay, nor were they under compulsion of any kind; that the payments were purely voluntary, and therefore, upon well settled principles, no action whatever lies to recover back the moneys thus paid. The rule of law invoked is doubtless sustained by ample authority; but it appears to us it cannot apply to this case, for this reason: The statute gives the right of action in the most distinct and absolute terms; and if we were to hold that a party voluntarily paying the excessive charges without protest could not bring an action for the penalty, we should introduce an exception which the legislature has not seen fit to make. If it had been the intention of the legislature to deny the right of action to a party voluntarily paying the charges, such intention would have been effectuated by a positive exception. The case presented under the act is quite analogous to a case of usury, where the statute forbids the taking of excessive interest and punishes a violation of its provisions by an action for a penalty given the borrower against the lender. See *Wood v. Lake*, 13 Wis., 85. It is therefore not a sufficient answer to the action to say that the

plaintiffs paid the excessive charges made by the defendant for its own carriage voluntarily, with full knowledge of the facts and without objection. For though this may be so, still, as the statute gives the action absolutely, without qualification, the courts cannot deny the plaintiffs the right to recover three times any excess which may have been taken above the legal rates. This is all the remark we deem it necessary to make on the instructions.

An objection is taken that the complaint is bad because several causes of action are improperly united, or are attempted to be stated together. It is said that one hundred and twenty-seven different causes of action are aggregated in one count, and that it is sought to recover for all these penalties as though they constituted one cause of action. There is a bill of particulars annexed to and made a part of the complaint, which gives a particular statement of the plaintiffs' claim on which the action is founded. No objection was taken to this method of pleading, either by motion or demurrer; and the defect cannot now be insisted upon, if any originally existed. In the case of *City of Brooklyn v. Cleves*, Hill & Denio, 231, it is said to be well settled, that several penalties may be included in the declaration and recovered in one suit at common law. See *Bartolett v. Achey*, 38 Pa. St., 273. In view of that rule, we cannot, under the circumstances, hold the complaint defective for the objection taken. *Baxter v. State*, 9 Wis., 39.

*By the Court.* — The judgment of the circuit court is reversed, and a new trial ordered.