Rood vs. The Chicago, Milwaukee & St. Paul Railway Company.

---

Rood vs. The Chicago, Milwaukee & St. Paul Railway Company.

Repeal of Statute: *Effect on penalties incurred.*

After the repeal of ch. 273 of 1874 (the Potter Law), no recovery could be had in any action then pending under the penal provisions of that act, either by virtue of sec. 33, ch. 119, R. S. (*Dillon v. Linder*, 36 Wis., 344), or by virtue of the clause in the repealing act (ch. 57 of 1876), which provided that nothing therein contained should "in any manner affect any litigation" then pending in any of the courts of this state, or of the United States.

Rood vs. The Chicago, Milwaukee & St. Paul Railway Company.

APPEAL from the Circuit Court for *Rock* County.

This action was brought under the provisions of ch. 273, Laws of 1873, to recover three times the amount of an alleged excess over legal charges, exacted by the defendant company on the transportation of a quantity of lumber. The case was tried by the court, without a jury, in December, 1875, and judgment was entered on the 10th of March, 1876, in favor of the plaintiff, for the sum of $1,591.65 and costs. The written finding of the court, which was filed with the case, and upon which judgment was finally entered, bears date December 16, 1875.

Chap. 57, Laws of 1876, approved February 24, 1876, and published March 1, 1876, repealed those sections of the act of 1873 under which the action was brought, with the following proviso: "*Provided*, that nothing herein contained shall in any manner affect any litigation now pending in any of the courts of this state, or any court or courts of the United States."

Defendant appealed from the judgment.

For the appellant, separate briefs were filed by *John W. Cary* and *William Ruger*, and there was oral argument by *Mr. Cary:*

1. The repealed statute creating new offenses, and the recoveries under it being wholly penal, the saving clause must receive a strict construction. *Bay City etc. Railroad Co. v. Austin*, 21 Mich., 390, 408, 414; *Dillon v. Linder*, 36 Wis., 344; Sedgw. Stat. and Con. Law (2d ed.), 279–281, and notes; Potter's Dwarris, 245, and note (a), 279, 280. This clause saves pending "litigation" only. Litigation is the contest of the parties to a suit; it begins when the first step is taken toward defense, and ends when the cause is submitted for decision. The term is not equivalent to "right of action," nor even to "action." Judgment is no part of the litigation, but follows after it. This case is not within the letter of the saving clause, because no litigation was pending when it took

effect, and because this saving of a litigation does not save the right of action, or the right to any particular judgment. *Dillon v. Linder, supra; Bird v. Fake,* 1 Pin., 290, 298; *Johnson v. Meeker,* 1 Wis., 436; *Brandeis v. Neustadtl,* 13 id., 146. 2. That the taking away or saving of a right of action does not affect the remedy, and the reverse, are old rules of construction. It is fair to assume that legislative bodies adopt apt language, in view of these rules, to express the purpose intended, and that in all cases the intent is no broader than the letter. Potter's Dwarris, 274, note 4; *Harrington v. Smith,* 28 Wis., 43, 67. A review of the legislation of this state shows that these rules have long been recognized and acted upon. Terr. Stats. 1839, p. 407, §§ 4–7; R. S. 1849, ch, 157, secs. 2–4; R. S. 1858, ch. 119, sec. 33, and ch. 161, secs. 2–4, 13; Laws of 1874, ch. 185, sec. 17; Laws of 1875, ch. 334, sec. 7; Laws of 1876, ch. 13, sec. 24. To construe a clause relating to litigation only, as intended to save inchoate rights in controversy, would be to interpolate words which the legislature omitted, with the precedents before them and with knowledge of the prior judicial and legislative construction. 3. In administering penal statutes, courts do not speculate concerning or attempt to give effect to unexpressed intent. 4. General statutes as to the effect of repeals on pending actions are inapplicable, because of the special provision as to such effect, in this case. But the only general provision applicable in any event (sec. 33, ch. 119, R. S.) has already received a construction favorable to appellant, and its language is much more suggestive of an intent to save rights of action than that of the clause before the court. *Dillon v. Linder,* 36 Wis., 344.

For the respondent, briefs were filed by *Cassoday & Carpenter,* and there was oral argument by *Mr. Cassoday:*

1. The legislature which adopted the general saving section construed by this court in *Dillon v. Linder,* could not bind a subsequent one to any special mode of repeal *(Kellogg v.*

*Oshkosh,* 14 Wis., 623); hence, the repealing act and such saving clause must in all cases be construed together, and the intent, as gathered from the two, must control. In *Dillon v. Linder*, the repealing act contained no saving clause whatever, but, on the contrary, repealed all acts conflicting with its provisions. This operated *pro tanto* as a repeal of the general saving act, and showed an express intention to wipe out all past conflicting acts. Where a different intent is manifest, the courts will give it effect even in criminal cases. *State v. Ross*, 49 Mo., 416; *Rogers v. Railroad*, 35 id., 153; *Hine v. Pomeroy*, 39 Vt., 211; *Pratt v. Jones*, 25 id., 303. To argue that in this case the legislature intended to take away the cause of action, and yet not in any way affect pending litigation, would be to convict the legislature of the grossest duplicity or the most abject stupidity. The law must receive a construction in harmony with some rational purpose on the part of those who made it. 2. While the statute of 1876 radically changed the law, it also revised and continued much contained in previous enactments. It prescribed a tariff of rates, and, as a penalty for overcharges, authorized the person aggrieved to recover three times his actual damages. It would have been extremely inconsistent for the legislature, in adopting this law with the proviso, to *intend* thus to authorize future actions for treble damages, and at the same time to take away the right of recovery in pending litigation. 3. The money paid by the plaintiff in excess of the legal rate was his the moment it was paid; to that extent, then, the action is not penal, but one to recover a just demand. His right, so far, was a vested one, and could not be taken away. The same was true of the penalty, which was annexed as a *satisfaction* to the party injured, no less than to punish the offender. *Palmer v. Conly*, 4 Denio, 374; 2 Coms., 182; *Ellis v. Whitlock*, 10 Mo., 781. 4. Even penal statutes should not be so strictly construed as to defeat the obvious legislative intent. Potter's Dwarris, 110. In criminal cases, it has been held

that a proviso in a repealing act, that nothing therein contained should apply to the trial of persons indicted for offenses committed prior to the passage of such act, continued the old law in force as to those offenses. *People v. Gill*, 7 Cal., 356; *Colby v. Dennis*, 36 Me., 9; *Tempe v. State*, 40 Ala., 350; *State v. Ross*, 49 Mo., 416; *Downs v. Huntington*, 35 Conn., 588.

RYAN, C. J. This case is governed by *Dillon v. Linder*, 36 Wis., 344. That was an action upon a statutory right, given by a statute repealed, *pendente lite*, without saving clause. It was claimed that the right of action was saved by sec. 33, ch. 119, R. S. The court held, however, that the section does not preserve a right of action given by a repealed statute, and that a saving clause, to preserve a statutory right of action, must expressly save the *right* as well as the *action*.

It was then said: "It has been for centuries the wise and humane policy of the law, that a conviction could not be had after the repeal of a penal statute, for act done or penalty incurred under the statute while it was in force. This merciful principle enters into a wide range of rules of judicial decision, and is not lightly or capriciously to be abandoned. It would be our duty to obey a positive abolition of it by the legislative power. But we cannot, in duty, surrender it to an argumentative construction of sec. 33, beyond the express import of its terms."

The action here was brought to recover a penalty incurred under sec. 6 of ch. 273 of 1874, repealed by sec. 13 of ch. 57 of 1876, before judgment.

It is contended that the right of action is saved, not by sec. 33, ch. 119, but by a clause in the repealing section, in these words: "Provided, that nothing herein contained shall in any manner affect any litigation now pending in any of the courts of this state, or any court or courts of the United States."

*Dillon v. Linder* was decided in October, 1874, and reported

in 1875. The legislature had at least constructive notice of the rule affirmed in that case; indeed, it almost appears that it had express notice, for in an amendment of this very chapter 273 of 1874, by chapter 334 of 1875, there is an elaborate saving clause, fully complying with the rule in *Dillon v. Linder*, and probably suggested by it, saving all offenses, penalties, forfeitures, damages incurred and rights of action accrued, as well as pending prosecutions and actions.

In view of the rule in *Dillon v. Linder*, the argument is not a little strained, that the proviso in the statute of 1876 was designed to preserve the right as well as the action. *Litigation* can mean the action only, not the right of action. The language used does not go so far towards implying the preservation of the right of action as the language of sec. 33, for the latter not only saves the action, but provides that it shall proceed to judgment. Litigation might possibly be strained to imply judgment, but it certainly does not express it as sec. 33 does.

It is remarkable that the careful saving clause of the act of 1875 is repealed by the very section of the act of 1876 containing the vague proviso under consideration. In passing the proviso of 1876, therefore, the legislature had before it not only presumably the rule in *Dillon v. Linder*, but certainly the saving clause of 1875, following the rule by express and cautious saving of the right of action, as well as the action.

And so the proviso of 1876 will not only not bear the same construction as the saving clause of 1875, but was apparently not intended to bear it.

The learned counsel of the respondent contends that we must look for the intention of the legislature. Surely; but we must look for it, if we can find it, in the language of the legislature. We cannot impute an intent to a statute which is not expressed or implied in the statute itself. If the language used were doubtful, we might look to the circumstances

under which the statute was passed, in aid of the construction of its terms. In the present instance, as already noticed, the circumstances under which the proviso of 1876 was passed repel rather than imply intention to preserve rights of action. The section of 1874, under which this action was brought, was highly penal, providing for criminal as well as civil penalties; and the saving proviso, as held in *Dillon v. Linder*, must receive a strict construction. And we find it difficult to think that counsel can expect us to overturn the reasoning of *Dillon v. Linder*, and to hold that a strict construction of the word, litigation, includes the right to recover a penalty, as well as the action brought to recover it; continues in force the penalty itself, as well as the proceeding to enforce it.

The argument is, that, in declaring that pending litigation should not be affected by the appeal, the legislature intended that all pending prosecutions and actions should proceed to judgment for the penalties of the statute, as if the repeal had not taken place. The argument was more forcible as founded on sec. 33, R. S., in *Dillon v. Linder*. But there is nothing in the language used in either provision to warrant the belief that the legislature intended an unjust discrimination between rights of action and misdemeanors in prosecution and not in prosecution; making the right and the liability, the misdemeanor and the punishment, dependent on the mere accident, whether or not a prosecution had been instituted or an action brought, at the time of the repeal. It would take very strong language to justify us in imputing so unreasonable and unjust an intent to the legislature. And, indeed, it may well be doubted whether a statute could be upheld, expressly making such a discrimination. A saving clause of penalties and crimes gives continuing effect to the statute repealed to the time of repeal, without respect to the time of action brought or prosecution instituted, so that the statute loses by repeal no application already accrued; retains all its effect upon whatever happened in the past, though it ceases to have force upon what

may happen in the future.    In that case, there is no more par-
tiality in the administration of the statute under the saving
clause, than in the administration of the statute before repeal.
Its provisions still apply equally, though retrospectively; all
having incurred its penalties or offended against its provisions
while they were in force, remaining equally liable.    A partial
saving clause would be like a partial statute, operating differ-
ently and unequally upon persons and things, under the same
conditions, during the same time.    It is essential to the jus-
tice, if not to the validity, of a saving clause, that it should
save all penalties incurred or offenses committed, before re-
peal, under the statute repealed, whether in course of prosecu-
tion or not.    And it is certain that there is no pretense that
the proviso under consideration will bear such a construction,
or could have been intended to bear it.

It is perhaps enough for us to determine here what the legis-
lature did not intend, without undertaking to say what it did
intend.    Doubtless, as counsel says, the legislature intended
something by the proviso.    It is enough for this case to hold
that it surely does not express, that it appears rather to repel,
the intent which counsel attributes to it. · Taken as it is written,
literally, it is clearly outside of legislative power.    It assumes
to declare the legal effect upon pending litigation, of an absolute
repeal of a penal statute.    That belongs to the judicial, not to
the legislative function.    The repeal obliterates the statute, as
if it had never been passed; obliterates the penalties of the
statute, as if they had never existed.    *Dillon v. Linder, supra*;
*Key v. Goodwin*, 4 Moore & P., 341; *Butler v. Palmer*, 1
Hill, 324.    That was within legislative discretion.    So it rest-
ed in legislative discretion to repeal the statute with or with-
out saving clause of penalties incurred or offenses committed.
The legislature exercised its discretion by repeal without such
saving clause.    The judicial cannot usurp the legislative func-
tion, in supplying such a clause by construction.    And the
legislative could not usurp the judicial function of declaring

the effect of the absolute repeal, by the proviso that the repeal which annihilates the statute, its penalties and offenses, should not affect pending litigation under it. And, indeed, if there had been a saving clause, the repeal would still have affected pending litigation.

When the statute of 1874 was repealed, suits were pending in this court for perpetual injunction against certain railway companies, restraining them from receiving higher rates of freight and fare than those fixed by the statute. If the repeal could not operate to affect pending litigation, it would have been our duty, notwithstanding the repeal, perpetually to restrain the companies from charging in excess of the rates prescribed by what had once been a statute, but which was as completely removed from the statute book as if never written in it. This we surely could not do. This we refused to do, even after the amendment of 1875, and before the repeal of 1876. *Att'y Gen. v. Railway Co.*, 38 Wis., 69. And so it is for the courts to say, not for the legislature, how repeal of a statute may affect pending litigation. When the legislature repeals a penal statute, expressly preserving rights and liabilities accrued under it, it is the duty of courts still to administer them, because the saving clause still constitutes a subsisting statute to support them. But when the legislature repeals such a statute, without saving clause of rights and liabilities accrued under it, there is no subsisting statute for courts to administer; no subsisting penalties or offenses to enforce or to punish. And in such case, it is vain for the legislature to declare that the repeal shall not affect pending litigation. Courts must hold that it does. It becomes judicial duty to hold that pending actions to recover penalties, pending prosecutions for offenses, are affected by the repeal of the statute creating them; that *lis pendens*, under such a statute repealed, becomes *lis nuda:* a fruitless pursuit of extinct rights and liablilities.

We shall, therefore, reverse the judgment in this case. It

may be, however, that the complaint can be amended so as to go for the difference between the rates paid by the respondent and the legal rates at the time. That point is not now here, and we express no opinion upon it. But to give the opportunity to the respondent, if he should be so advised, and the court below should give leave, we will not direct a dismissal of the complaint.

And it is proper to say here that, in any case, the liability of the appellant is limited by its own charges for carriage over its own roads, and cannot be extended to the charges of another corporation over another road. *Streeter v. Railway Co.*, 40 Wis., 294. It is also proper to say that the equitable principle of division between railway companies, under the statute of 1874, where two or more companies carried goods over their own roads as one carriage, intended by the court in *Ackerly v. Railway Co.*, 36 Wis., 252, was the distribution *pro rata* of the aggregate rates of the statute, according to the length of carriage by each company. As between themselves, the companies could agree upon any other rule of distribution. But this was adopted as the legal rule.

*By the Court.* — The judgment is reversed, and the cause remanded to the court below for further proceedings according to law.