SMITH vs. THE CHICAGO & NORTHWESTERN RAILWAY COMPANY.

REPEAL OF STATUTE: POTTER LAW. *Right of penal action for excessive railway charges went with repeal of law.*

1. Rights of action against railroad companies for penalties for overcharges, which had accrued under the acts of 1874 and 1875, went with the repeal of those acts by ch. 57 of 1876. *Dillon v. Linder*, 36 Wis., 344; *Rood v. Railway Co., ante*, p. 146.
2. Sec. 7 of the act of 1876 does not give private persons injured by violations of the provisions of that act limiting railroad charges, an absolute right to bring actions for three times the excess, at their own expense, without authority of the railroad commissioner; but merely authorizes such an action *at the discretion of the commissioner* (and at the expense of the state), to enforce a penalty on behalf of the state, but payable to the person injured.
3. Said sec. 7 cannot be regarded as continuing prior statutory provisions for such actions, or saving rights of action which had accrued under them, because the action there given is essentially different from those of former acts in the respect above described, and others; and is given only for charges *in excess of the new rates* established by the act itself.

APPEAL from the Circuit Court for *Sauk* County.

Action commenced April 7, 1877, to recover for charges

made by the defendant company against the plaintiff for transportation of freight on its road in this state, at various dates between May 11, 1874, and January 5, 1876, in excess of the rates prescribed by sec. 6, ch. 273 of 1874. The whole amount charged by defendant and paid by plaintiff, under protest, in excess of the legal rates, is alleged to have been $913.80, and the plaintiff demands judgment for $2,741.40, besides costs.

Defendant demurred to the complaint as not stating a cause of action, and appealed from an order overruling the demurrer.

For the appellant, a brief was filed by *Smith & Lamb*, and the cause was argued orally by *Mr. Lamb*. They contended, 1. That the statute giving the penalties sued for having been repealed, no action for the penalties could be maintained. *Dillon v. Linder*, 36 Wis., 344; *Rood v. Railway Co.*, *ante*, p. 146. 2. That the complaint was not sufficient to enable plaintiff to recover the difference between the rates paid by him and the rates established by law at the time. The repeal obliterated the statute as effectually as if it had never existed; and if plaintiff has any right of action it must be by the common law. A common-law action to recover excessive freights is founded on contract: *express*, to carry for a certain rate, or *implied*, to carry for a. reasonable rate; and the complaint must show such agreement, and the breach of it. 1 Abb. Pr. & Pl., Forms, No. 237; Smith's Mer. Law, 8th ed., 288; Angell on Carriers, § 356. The complaint here does not state such a cause of action, but one in tort for a penalty. "On demurrer to a complaint, the court must determine what cause of action it was designed to state, and whether it states facts sufficient to constitute *such* cause of action; and if not, the demurrer must be sustained, though facts may be stated sufficient to show that plaintiff has a cause of action of a different character." *Supervisors v. Decker*, 30 Wis., 624; *Horn v. Ludington*, 32 id., 73–79; *Pierce v. Carey*, 37 id., 232.

*J. W. Lusk*, for the respondent, contended, 1. That the repeal of ch. 273 of 1874 could not deprive plaintiff of his

right of action for the difference between the charges actually made and those which defendant could lawfully make at the time, there being an implied contract between the parties for the carriage at the rate fixed by law, and the right to the unlawful excess being a vested right as soon as the money was paid. *Stephens v. Marshall,* 3 Chand., 229; *Streubel v. Railway Co.,* 12 Wis., 67; *Seamans v. Carter,* 15 id., 548; *Morton v. Rutherford,* 18 id., 311; *Austin v. Burgess,* 36 id., 189; *Sackett v. Andross,* 5 Hill, 334; *Dash v. Van Kleeck,* 7 Johns., 477; *Steamship Co. v. Joliffe,* 2 Wall., 450. 2. That so much of the act of 1874 as gave the injured party the right to recover three times the unlawful excess in the charges paid by him, was not repealed, but was continued, by the acts of 1875 and 1876 upon the same subject, and therefore the decision in *Dillon v. Linder* is inapplicable, and plaintiff may recover the full amount claimed. *Fullerton v. Spring,* 3 Wis., 671; *Wright v. Oakley,* 5 Met., 404; *Steamship Co. v. Joliffe, supra; Knoup v. Piqua Bank,* 1 Ohio St., 603; *McMullen v. Guest,* 6 Texas, 275.

RYAN, C. J. The right of action went with the repeal of the statute which gave it. *Dillon v. Linder,* 36 Wis., 344; *Rood v. Railway Co., ante,* p. 146.

The learned counsel for the respondent, always candid as well as able, did not deny the doctrine of those cases; or express dissent from the construction given, in the latter case, to the peculiar language of sec. 13, ch. 57 of 1876.

He made a point, however, upon sec. 7 of that statute, which was not suggested in *Rood v. Railway Co..* Ch. 57 of 1876, as well as ch. 273 of 1874 and ch. 334 of 1875, puts a limit to certain charges by railroad companies. And sec. 7 of the former declares that railroad companies violating that provision shall forfeit to persons paying rates in excess of it, three times the actual damage sustained, to be recovered in a civil action; that *all* prosecutions shall be made at the expense

Smith vs. The Chicago & Northwestern Railway Co.

of the state; that it shall be the duty of the railroad com-
missioner to investigate complaints made to him of such vio-
lations; and that, on finding such a complaint well founded,
he may, in his discretion, report the facts to the attorney
general, who shall thereupon prosecute the complaint at the
expense of the state, for the benefit of the party aggrieved.

| The learned counsel contended that the action of sec. 7 is
given absolutely to the injured party; and that the discretion
given to the railroad commissioner does not control the action,
but only the question of expense, whether the state or the
party shall bear it. The court cannot accept this view. The
section is peculiar; but all its provisions are manifestly de-
pendent. It expressly declares that all prosecutions under it
shall be at the expense of the state; plainly excluding prosecu-
tions by injured parties at their own expense, without author-
ity of the railroad commissioner. It appears to give a state
officer discretion to enforce a pecuniary penalty, on behalf of
the state, but payable on recovery to the injured party. This
is certainly a strange provision, of doubtful validity perhaps.
But the language of the section can bear no other construc-
tion. The change of language from the statutes of 1874
and 1875, present to the mind of the legislature in reviewing
the subject of the three statutes, is marked and significant.
It appears to give emphasis to the narrowed nature and scope
of the new right of action given on the repeal of the old.

It is apparent that the right of action thus given is essen-
tially different, in this respect, from the absolute right of ac-
tion given to injured parties by sec. 6 of ch. 273 of 1874, and
sec. 3 of ch. 334 of 1875. But it is otherwise different. The
provisions of 1874 and 1875 give the action against agents of
the corporations, as well as against the corporations themselves.
The provision of 1876 gives the action against the corporation
only. This appears to account for the discretion given by the
latter statute to the railroad commissioner, as a part of his
supervising power over railroad corporations; and for the re-

peal of the private action given by the two former statutes against the corporations and their agents. Obviously the actions of 1874 and 1875 were given as a private, personal right. The action of 1876 appears to be given as matter of state control over *quasi* public corporations, though the penalty goes to the injured party. That disposition of the penalty was probably intended to encourage injured parties to complain to the proper officer of the state. But the change of the action was manifestly designed to relieve servants of the corporations from liability, and to protect the corporations themselves from being harassed by actions at the personal discretion of parties claiming to be injured. The private actions of the two former statutes appear to have gone for the private wrong alone. The *quasi* public actions of the latter statute appear to go upon the public right also; redressing the private wrong indeed, but redressing it only by the state, when it shall be deemed material to public policy to redress it. The wisdom and justice of this provision may be questionable. But with that the court has nothing to do. It can only administer statutes as the legislature sees fit to pass them.

So the ingenious argument of the learned counsel, that the actions of the three statutes are identical, and that the preservation of the action in the last statute operates to preserve the action given by the first, notwithstanding the repeal, appears to rest upon erroneous premises.

But were the three rights of action severally given by the three statutes identical in nature and scope, it could not well affect this judgment. The action given by each of the statutes is for violation of the provisions of that statute itself. The action given by sec. 7 of 1876 is against " any railroad corporation who shall violate any of the provisions of this act as to extortion or unjust discrimination, or the provisions hereof establishing rates." This is an express limitation of the right of action given to violations of the provisions of that statute only; for rates paid in excess of the new rates established by

that statute only. It excludes, in terms, application to violations of former statutes, for rates in excess of the rates of former statutes. No construction, however forced, could apply such language to the provisions of another statute; or distort it, so as to imply the preservation of penalties and actions given by a section of a previous statute, expressly and absolutely repealed by the very statute in which it is used. In *Dillon v. Linder* and *Rood v. Railway Co.*, this court has sufficiently expressed its views of the hardship of preserving penalties given by repealed statutes, and of the directness and precision requisite in a saving clause of penalties and penal actions.

The question here is entirely different from that arising upon the repeal of a provision and its reënactment in the same statute. In that case, the provision repealed and the provision reënacted are identical; not like, but indistinguishable; not kindred, but the self-same. In that case, too, there is no interval of a moment, in theory or in fact, when the identical provision is not in force. The repeal and the reënactment take effect together as a single enactment; changing the place of the provision in the statute book, but not disturbing its identity or continuous effect. The doctrine applying in that case has no bearing on the question here. Here the new provision and the old are not only not identical, but are essentially different. The old provision is repealed, and a new provision replaces it. It is not the repeal and reënactment of the same identical thing: but the repeal of one thing, and the enactment *in principio* of another thing; the substitution of a new remedy for an old one, abandoned and extinguished.

The position taken in this case is not aided by the position taken in *Rood v. Railway Co.*, nor the position there aided by the position here. The two positions rest upon essentially different premises, and there is nothing in either to support the other. They are not unlike parallel lines, with incapacity of meeting on common ground. Judgment cannot go upon two defective grounds, each independent of the

other, and neither capable of supporting the other or the judgment.

The judgment for the repealed penalty cannot be upheld. The record will however be remitted without direction to dismiss the complaint, for the reason assigned in *Rood v. Railway Co.*

*By the Court.* — The judgment is reversed, and the cause remanded to the court below for further proceedings according to law.