STREETER and another vs. THE CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY.

RAILROAD COMPANIES: PLEADING. *(1, 2) Liability of company, since repeal of statute, for excessive rates taken while statute in force; amendment of complaint. (3) Distribution of statutory rates between several carriers.*

1. In an action for three times the excess above legal rates, of the charges made by a railway company for carriage of goods, plaintiff, after a repeal of the statute giving such an action, cannot, without amendment of the complaint, recover as in a common-law action for the simple excess of such charges above reasonable rates.
2. Whether the common-law action was suspended by the substitute of the statute; whether the repeal of the statute restored that action in cases which had occurred under the statute; whether an action founded on the statute can be changed by amendment to the common-law action; and whether the rates fixed by statute would then be taken for reasonable rates — not decided.
3. The rule of distribution of the statutory rates between several railroad companies joining in one carriage, given in *Rood v. Railway Co.*, 43 Wis., 146, will be adhered to as one required by the provisions of the statute itself.

APPEAL from the Circuit Court for *Milwaukee* County.

Action for three times the excess, above the rates prescribed by ch. 273 of 1874, of the amount paid by plaintiffs to the defendant for the carriage of lumber. The decision of this court on the former appeal herein will be found in 40 Wis., 294, where the facts are more fully stated. After the cause

was sent back to the circuit court, a second trial was had, May 15, 1877. The facts were stipulated substantially as stated in the former report, except that plaintiffs' claim seems to have been confined to lumber shipped from Fond du Lac. It was stipulated that the distance from Fond du Lac to Watertown Junction was $46\frac{7}{10}$ miles, and from the latter point to Oconomowoc, the place of delivery, $13\frac{4}{10}$ miles. Defendant moved for a nonsuit, on the grounds that no cause of action was stated in the complaint, and that the statute under which the action was brought had been repealed. Motion denied. Defendant then introduced some evidence bearing upon the question, what was the distributive share properly belonging to each company taking part in the carriage, of the total amount legally chargeable for freight upon the lumber in question, from the place of shipment to the place of final delivery; and it requested the court to decide that the sum of $14.50 allowed by law for the transportation of a car-load of lumber from Fond du Lac to Oconomowoc, should have been divided between the C. & N. W. Railway Co. and the defendant in the proportion of their respective local rates for the distance which each transported the lumber, and that the amount chargeable by the defendant should be ascertained by the following formula: As the sum of said two local rates is to the statute rate, so is defendant's local rate to the amount which defendant was entitled to charge and receive. The court refused so to decide, and held that the legal rate chargeable by defendant on each car-load of plaintiffs' lumber carried by it from Watertown Junction to Oconomowoc, was $2.20. The court further found that defendant received from the plaintiffs for such carriage, in the aggregate, in excess of the legal compensation, $901.10; and held that plaintiffs were entitled to recover herein $2,703.30.

Judgment accordingly; from which defendant appealed.

Briefs were filed by *Melbert B. Cary* for the appellant, and by *J. Henry Westover* as attorney, with *Jenkins, Elliott*

Streeter and another vs. The Chicago, Milwaukee & St. Paul R'y Co.

*& Winkler*, of counsel, for the respondents; and there was oral argument by *Mr. Cary* for the appellant, and by *D..S. Wegg* for the respondent.

RYAN, C. J. It is conceded by the learned counsel for the respondents, that this case is governed by *Rood v. Railway Co.*, 43 Wis., 146, and *Smith v. Railway Co.*, id., 686; and that the judgment must be reversed.

But it is contended that the complaint may be treated as going upon the common-law right to recover against the carriers the excess of their charges over reasonable rates; that the statutory rates in force at the time are to be taken as the reasonable rates to govern the carriage; and that this court ought therefore to direct the court below to enter judgment for such excess, without amendment of the complaint.

In *Rood v. Railway Co.* and *Smith v. Railway Co.*, this court has sufficiently expressed its dissent from this position, although the point was not expressly taken in those cases.

The action for three times the excess of the statutory rates is a statutory action, expressly given by the statute. It is not for an exaction of rates above what the carriage was reasonably worth. It is a penal action, for a violation of a statute by exacting rates in excess of fixed statutory rates. It is essentially different from the common-law action, not only in the rule of recovery, but in the persons liable to it. It is given, indeed, as a private right, founded largely, however, on public policy.

When this case was here before, 40 Wis., 294, counsel on both sides, and court, dealt with it as a statutory action. The complaint in this case, as in *Rood v. Railway Co.* and *Smith v. Railway Co.*, prays judgment for three times the excess of rates paid; and the circuit court in each case rendered judgment for the amount demanded. It is therefore idle to contend here that the actions should be considered below as common-law actions.

Whether the common-law action was suspended by the substitute given by the statute, while the statute was in force, and whether the repeal of the statute restored the common-law action in cases occurring under the statute, and whether this case can be changed by amendment from the statutory to the common-law action, and whether the fixed statutory rates would be then taken for reasonable rates, are questions not before the court, and not decided here or in *Rood v. Railway Co.* or *Smith v. Railway Co.*

The learned counsel is mistaken in his position that the rule of distribution of the statutory rates between several railroad companies joining in one carriage, given in *Rood v. Railway Co.*, is judicial legislation, intruding a provision into the statute not to be found in it as written. The statute prescribes decreasing rates for each twenty-five miles of each carriage; but gives the varying rates for the entire carriage only. A company carrying twenty-five miles only of a longer carriage would not have earned the rate of the first twenty-five miles. It would be earned only at the end of the entire carriage. Where the carriage is for several times twenty-five miles, the aggregate of the rates given for each twenty-five miles is equally earned by the carriage for the whole distance. And the statute expressly provides that the same computation of rates shall apply to a carriage over more than one road. Such a carriage is, under the statute, a single carriage by several parties, each equally entitled to share *pro rata* in a common rate of compensation applying to the whole carriage. The rule of distribution in *Rood v. Railway Co.* comes of necessity from the provisions of the statute itself. It was fully considered, and the court intends to adhere to it.

*By the Court.* — The judgment is reversed, and the cause remanded to the court below for further proceedings according to law.