DURKEE vs. THE CITY OF JANESVILLE and another.

(Appeal from Taxation of Costs.)

CONSTITUTIONAL LAW:  *Acts exempting particular corporations from general law as to payment of costs, invalid.*

1. As a rule, acts of the legislature exempting particular individuals or corporations by name from the operation of general laws, are not within the proper scope of the legislative power, and are void.

2. An act of this kind making discriminations between the rights of different suitors in courts of justice, would be in violation of sec. 9, art. I. of the state constitution, which declares that "every person is entitled to a certain remedy in the laws for all injuries or wrongs which he may receive in his person, property or character; he ought to obtain justice freely, and without being obliged to purchase it, completely and without denial," etc.

3. Under sec. 36, chap. 264, laws of 1860, the party prevailing in this court on error or appeal, is absolutely entitled to costs.

4. So much of ch. 107, P. and L. Laws of 1862, and ch. 298, P. and L. Laws of 1869, as provides that *no costs* shall be recovered against the city of Janesville in any action to set aside any tax, assessment, or tax deed, or to prevent the collection of taxes or assessments in that city, is void.

*I. C. Sloan,* for the plaintiff.

*J. W. Sale,* for the defendant.

DIXON, C. J.   This is an appeal from the taxation of costs in this court by the clerk.   The costs were taxed in favor of the plaintiff, *Durkee,* who was the prevailing party,[*] and against the city, in pursuance of sec. 36, ch. 264, Laws of 1860.   The language of the section is general, and declares that the party prevailing in this court may have costs taxed in his favor.   It has been so decided by this court, and that the right to costs is absolute in every case brought here by writ of error or appeal. *Paine v. Chase,* 14 Wis., 653.   It is contended, however, that the operation of this law has been suspended, or that it has

[*] See *Durkee v. The City of Janesville,* 26 Wis., 697.

been repealed so far as relates to certain actions (of which the present was one), where the city of Janesville is a party defendant. By an amendment of the charter of the city, P. and L. Laws of 1862, ch. 107, sec. 15, and a further amendment, P. and L. Laws of 1869, ch. 298, sec. 8, it is declared that no costs shall be recovered against the city in any action where the same is commenced to set aside any tax assessments or tax deed, or to prevent the collection of taxes or assessments in said city. It is said, in answer, that these provisions of the charter are inoperative and void, because in violation of that principle of constitutional law which prohibits unequal and partial legislation upon general subjects—the enactment of a special law dispensing with the general law in a particular case, or granting to one man or corporation, by way of exemption from the operation and effect of a general law, a privilege or indulgence which no other person or corporation has or enjoys. There is no reason to doubt the existence or correctness of the constitutional principle which forbids such legislation. Enactments of the kind have frequently been held unconstitutional and void. In *Bull v. Conroe*, 13 Wis., 238, 244, it was held by this court that the general laws exempting property from seizure and sale on execution could not be varied for particular cases and localities. An act suspending the statute of limitations in favor of an individual has been held invalid. *Holden v. James*, 11 Mass., 396. And so an act "empowering" a judge of probate to take an administration bond in a mode differing from that prescribed by the general laws of the state. *Picquet, Appellant*, 5 Pick., 65. Also an act granting an appeal from the decree of the probate court in a particular case, contrary to the provisions of the general law. *Lewis v. Webb*, 3 Greenl., 326. An act to grant a review in a suit between private citizens. *Durham v. Lewiston*, 4 Greenl., 140. An act making it a felony in the officers, agents or servants of a particular banking corporation, to embezzle or appropriate without authority the funds of the corporation, was adjudged a partial law, and

unconstitutional and void, because it did not embrace all persons in like state, and surrounded by similar circumstances. *Budd v. The State*, 3 Humph., 483. And the same was determined of an act authorizing the court to dismiss Indian reservation cases, when prosecuted for the use of another. It was a partial law, intended to operate only upon a few individuals. *Wally's Heirs v. Kennedy*, 2 Yerg., 554. And so also of an act creating a special court for the determinination of suits commenced by a particular bank against its officers, and other persons in default to it. *State Bank v. Cooper*, 2 Yerg., 599. An act authorizing the executors of one person deceased to revive a judgment obtained by another person in his life time, in their names by *scire facias*, was decided to be partial in its character, and not the law of the land, and void. *Tate v. Bell*, 4 Yerg., 202. And likewise an act authorizing a particular person named to prosecute a suit then pending in the name of the deceased party plaintiff, without taking out letters of administration upon the estate of such deceased. *Officer v. Young*, 5 Yerg., 320. And so also an act which authorized the guardians of the minor heirs of a deceased person to sell lands which descended to the heirs from their ancestor, and apply the proceeds in payment of the ancestor's debts, though passed with the assent of such minor heirs, was held unconstitutional and void. *Jones' Heirs v. Perry*, 10 Yerg., 59. And see also *Simonds v. Simonds*, 103 Mass., 572.

The principle thus clearly shown by the decisions, if applicable to the acts under consideration, seems conclusive against their validity. And I think they are invalid. Certainly no discrimination more arbitrary, unjust and odious, between one individual or corporation and another, or every other, in a matter where the rights and privileges of all should be equal, could well be, than would thus be established, if such acts were valid. The city of Janesville would have a special privilege or advantage not given to any other like corporation under the same circumstances. But the most odious feature of the law would

appear from its application as between the immediate parties to the suit. No costs could be recovered against the city in this particular class of cases. That is the extent of the supposed suspension or repeal of the general law. Costs may be recovered by the city, or taxed in its favor. In this case, had the city prevailed or the plaintiff been the losing party, costs must have been taxed against the plaintiff according to the general law. Thus, whilst the city would recover costs upon judgment in its favor, it would pay none, and not be liable for any, if the opposite party were successful. The costs and expenses taxable by law in every suit involving important questions like those affecting taxation and assessments, are very considerable, and especially in this court. The costs here were taxed by the clerk at $141. If successful, the city would have recovered them against the plaintiff; but if unsuccessful, it is claimed that the plaintiff shall recover nothing. Words cannot make the inequality and injustice of the rule plainer than it thus appears; and the question is, whether the legislature can so discriminate between suitors or parties to the same litigation in a court of justice, as that one of them shall have such special and important pecuniary advantage over the other? I, for one, think not; and in declaring my opinion, I care very little whether it is placed on those fundamental principles of law and justice which, in our form of government it has been held no legislative body can override, even though not prohibited by the written constitution, or upon the provisions of the constitution itself, some of which clearly forbid the enactment of such laws.

In Massachusetts, the authority of the legislature to suspend the operation of a general law in favor of an individual was denied upon the ground that it was "manifestly contrary to the first principles of civil liberty and natural justice, and to the spirit of our constitution and laws, that any one citizen should enjoy privileges and advantages which are denied to all others under like circumstances; or that one should be subjected to losses, damages, suits or actions, from which all others under like circumstances are exempted." 11 Mass., 405.

In *Calder vs. Bull*, in the supreme court of the United States, 3 Dallas, 387, 388, Mr. Justice CHASE says: " I cannot subscribe to the omnipotence of a state legislature, or that it is absolute and without control, although its authority should not be expressly restrained by the constitution or fundamental law of the state.  *  *  *  *  The nature and ends of the legislative power will limit the exercise of it.  *  *  *  *  There are certain vital principles in our free republican governments, which will determine and overrule an apparent and flagrant abuse of legislative power ; as to authorize manifest injustice by positive law ; or to take away that security for personal liberty, or private property, for the protection whereof the government was established.  An act of the legislature (for I cannot call it a law) contrary to the great first principles of the social compact, cannot be considered a rightful exercise of legislative authority.  *  *  *  *  A few instances will suffice to show what I mean. A law that punishes a citizen for an innocent action, or, in other words, for an act which, when done, was in violation of no existing law ; a law that destroys, or impairs the lawful private contracts of citizens ; a law which makes a man a judge in his own cause ; or a law which takes property from A and gives it to B.  It is against all reason and justice for a people to entrust a legislature with such powers, and therefore they cannot be presumed to have done it.  The genius, the nature, and the spirit of our state governments, amount to a prohibition of such acts of legislation, and the general principles of law and reason forbid them."

" I do not hesitate to declare," says Mr. Justice JOHNSON, in *Fletcher vs. Peck*, 6 Cranch, 143, " that a state does not possess the power of revoking its own grants.  But I do it on a general principle, on the reason and nature of things ; a principle which will impose laws even on the deity."   And the same principles are announced and fully approved by the court in *Wilkinson v. Leland*, 2 Peters, 656, 658, and *Terrett v. Taylor*, 9 Cranch, 50, 52."   See also opinions of WALWORTH, Chancellor, 5 Paige,

Durkee vs. The City of Janesville and another.

159; of the court, 1 Ohio St. R., 86; of RANNEY, J., 2 Ohio St. R., 628; of GREEN, J., 2 Yerg., 603 and of GOLDTHWAITE and ORMOND, JJ., 5 Porter, 359–62, 375–77.

It is undoubtedly a safe and sound general proposition, that for the court to declare an act of the legislature void for unconstitutionality, some specific clause or provision of the constitution must be pointed out, which has been violated. But the rule is not without its exceptions, as the above references show, and as might be shown by reference to numerous other decisions. If we take, for example, the numerous cases where acts of the legislature authorizing the taking of private property for private use, have been held void, even though full compensation has been made or provided for the property taken, we shall find that in none of them was there any express or positive prohibition of such legislation in the constitution or fundamental written law of the state. And the same remark is true of those cases where taxation for private purposes has been held invalid, though authorized, or attempted to be, by the legislature. And to these it is presumed other citations might be added, showing a want of power in the legislature in other respects, when the constitution interposes no direct or positive restraint. It seems to be true, therefore, of written constitutions as of statutes, that "when made, there are some things which are exempted and *fore-prized* out of the provisions thereof, by the law of reason, though not expressly mentioned." *Potter's Dwarris*, 123. The grant of legislative powers, though without prohibition or restraint that the legislature shall not discriminate and do gross and palpable injustice between man and man by the passage of unequal and partial laws, does not carry with it the power to pass such laws. Such a power, from its very nature, and of necessity, is "fore-prized" and taken out of the grant, without any express exception or limitation; and the act, though in form of law, yet, not being within the scope of the authority conferred, is not legislation at all, and so is void.

The court of Maine, 3 Greenl., 336, rested its judgment in part upon the first section in the declaration of rights, which was, in substance, if not in very words, the same as the first section in our declaration of rights. Const., art I., sec. 1. The case there was like that here presented. It was a subsequent act, taking a particular case out of the operation of a general law. The court say; "Can it be supposed for a moment, that if the legislature should pass a general law, and add a section by way of *proviso*, that it should never be construed to have any operation or effect upon the persons, rights or property of A. L. or J. G., such a proviso would receive the sanction, or even the countenance of a court of law? And how does the supposed case differ from the present? A resolve passed after the general law, can produce only the same effect as such proviso. In fact, neither can have any legal operation." And so it is in the case before us. If the legislature, in the general statute concerning costs, or the act regulating costs in this court, had added a proviso that no costs should be taxed in the specified cases *against the city of Janesville*, the effect would have been the same as now produced, provided the acts in question were valid. And if the legislature might thus exempt the *city of Janesville* from the operation of a general law, or from burdens cast upon all other corporations and persons, under like circumstances, then why might it not, in like manner, exempt any other corporation or person by name, thus opening the door to the greatest corruption, partiality and favoritism? It is not perceived where acts of this kind would end, if once begun, and held to be a legitimate exercise of legislative power.

In Tennessee, acts of this kind are adjudged invalid as contravening the declaration in their bill of rights, that no freeman shall be disseized of his freehold or deprived of his property, but by the judgment of his peers, *or the law of the land*. The clause "*law of the land*," is held to mean a general public law, equally binding upon every member of the community. 2 Yerg., 554, 599. We have not that clause in our declara-

tion of rights, but we have one which is equivalent in meaning and effect. Section 9, art. I, declares: "Every person shall have *a certain remedy* in the laws, for all injuries or wrongs which he may receive in his person, property, or character; he ought to obtain justice freely, and without being obliged to purchase it, completely and without denial, promptly and without delay, conformably to the laws." I had occasion to express my views of the proper construction and effect of this section, in *Phelps v. Rooney*, 12 Wis., 705, 706. It is obvious there can be no *certain* remedy in the laws, where the legislature may prescribe one rule for one suitor or class of suitors in the courts, and another for all others under like circumstances, or may discriminate between parties to the same suit, giving one most unjust pecuniary advantage over the other. Parties thus discriminated against would not obtain justice freely, and without being obliged to purchase it. To the extent of such discrimination they would be obliged to buy justice and pay for it, thus making it a matter of purchase to those who could afford to pay, contrary to the letter and spirit of this provision.

Certainty of remedy implies uniformity of remedy and equality of rights and privileges in all things respecting it, which can only be obtained by general laws, equally binding upon every member of the community. The language denotes that there can be but one remedy for all similar cases, which must operate upon all persons or parties alike, and be equally free and favorable to all.

The objection taken before the clerk, that $20 of the item of $34, in the bill of costs, for " printing case," was improper, because such printing was not done in preparing the case for this court, is abandoned on this appeal. An examination of the printed case shows that the $34 item was properly taxed for printing which was actually done in preparing the case for this court. That sum, and even more, if the same had been expended, might have been taxed according to the rule of taxation in such cases.

*By the Court.*— All the justices concurring, the taxation appealed from is affirmed.