Wentworth vs. The Town of Summit.

WENTWORTH vs. THE TOWN OF SUMMIT.

*March 21 — April 8, 1884.*

INJURY ON HIGHWAY: DEMURRER. *(1) Notice must be alleged. (2) When complaint dismissed.*

1. In an action against a town for an injury caused by a defect in a highway, the complaint must allege both the giving of notice to the supervisors, under sec. 1339, R. S., and the filing of a claim with the town clerk, under sec. 824, R. S.

2. If leave to amend is not requested, the court may, on sustaining a demurrer, dismiss the complaint.

APPEAL from the Circuit Court for *Waukesha* County. *David W. Small*, for the appellant.

For the respondent there was a brief by *Parks & Thompson*, and oral argument by *Mr. Parks*.

TAYLOR, J. This is an appeal from an order of the circuit court sustaining a demurrer to the complaint. The action was brought by the appellant to recover damages against the town of *Summit*, on account of an injury alleged by the plaintiff to have been received by him by reason of a defect in a bridge in a public highway in said town. The town demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action. The

circuit court sustained the demurrer, and made a further order dismissing the complaint, in the following words: " And no application having been made by plaintiff to amend his complaint, therefore, on motion of defendant's counsel, ordered, that said demurrer be and is hereby sustained, with ten dollars costs, and the said complaint be and is hereby dismissed."

We think the circuit court properly sustained the demurrer to the complaint. The defect in the complaint is that it does not allege that within ninety days after the accident happened which caused the damage the plaintiff caused a notice in writing to be given to one of the supervisors of the town of *Summit*, stating the place where such damage occurred, and describing generally the insufficiency or want of repair which occasioned it, as required by sec. 1339, R. S. 1878. This court has repeatedly held that, in an action against a town to recover damages for an injury resulting from a defect or want of repair of a highway or bridge in such town, the complaint must show that the notice required by said section has been given, or it fails to state a cause of action. *Susenguth v. Town of Rantoul*, 48 Wis., 334; *Plum v. Fond du Lac*, 51 Wis., 393; *Benware v. Town of Pine Valley*, 53 Wis., 527. These cases are conclusive as to the insufficiency of the complaint.

The learned counsel for the appellant does not claim that the complaint shows that the notice required by sec. 1339, R. S., was given, but argues that because it shows that the plaintiff presented or filed his claim for damages with the town clerk, no notice was required to be given to the supervisors, under sec. 1339. We think this argument is fallacious. The filing of the plaintiff's claim for damages with the town clerk, as prescribed by sec. 824, R. S., is required for an entirely different purpose from that which is sought to be accomplished by giving the notice to the supervisors of the town, as required by sec. 1339. This latter section

requires the notice to be given to the supervisors evidently for two purposes: *first*, that the supervisors may investigate the matter for the purpose of ascertaining whether the allegation of the party injured that the highway is defective or out of repair is in fact true; and, *second*, to enable them to repair the defect in order to prevent further accidents. The other notice is required so as to enable the supervisors of the town to present the claim for damages made by the plaintiff for the consideration of the electors at the coming town meeting, with a view to a compromise or settlement without suit. The purposes of the two sections are consistent with each other, and, in order to recover, the plaintiff must allege both the giving of the notice to the supervisors, under sec. 1339, and the filing of his claim for damages with the town clerk, as provided in sec. 824, and prove them on the trial. This court so held in *Benware v. Town of Pine Valley*, *supra*, and we see no reason for holding otherwise in this case.

The counsel for appellant objects to the regularity of the order because it dismisses the complaint. We think the court made the proper order, in the absence of any request on the part of the plaintiff for leave to amend his complaint. If he desired to amend, he should have asked the court for leave to do so. It is true that the general practice is for the court to grant leave to amend the pleading demurred to on sustaining the demurrer, but such leave is granted on the assumption that the party desires to amend; but we know of no rule or practice which requires the court to grant such leave when not asked for by the party whose pleading is held bad.

*By the Court.*— The order of the circuit court is affirmed.