HUGHES, Appellant, vs. THE CITY OF FOND DU LAC, Respondent.

*January 11 — January 29, 1889.*

*Municipal corporations: Defective streets: Nuisance created by city: Notice of injury: Reasonable time: Charter construed.*

A provision in a city charter that no action against the city for injuries sustained by reason of any defect in any street shall be maintained unless written notice of the injury was given to the proper officers within five days of the occurrence thereof, does not apply where the injury was caused by a nuisance created by the positive acts of the city's agents, such as leaving a large wooden roller in the street. [*Quære*, whether the provision requiring notice to be given within *five days* is not invalid, as fixing a time unreasonably short.]

APPEAL from the County Court of *Winnebago* County. The case is sufficiently stated in the opinion.

For the appellant there was a brief by *C. S. Matteson*, attorney, and *Henry J. Gerpheide*, of counsel, and oral argument by *Mr. Gerpheide*.

For the respondent the cause was submitted on the brief of *P. H. Martin*. To the point that the time fixed within which notice should be given was reasonable, he cited *Nich-*

*olas v. Minneapolis*, 30 Minn. 546. The provision of the Fond du Lac charter is taken from the Minneapolis charter construed in that case.

COLE, C. J. It appears from the complaint that while the plaintiff was driving with a horse and carriage, in the evening, along one of the public streets of the defendant city, his horse was frightened at a large wooden roller in the street, became unmanageable, partially overturned the carriage, and the plaintiff was thrown out upon the ground with violence, and greatly injured. This action is brought to recover damages for such injury. A demurrer to the complaint was sustained by the trial court on the ground that it states no cause of action. There is a section of the city charter which, as amended, provides that no action against the city on account of an injury received or damage sustained by means of any defect in the condition of any street shall be maintained unless the action shall be commenced within one year from the happening of the injury, nor unless notice in writing, signed by the party injured, shall have been given to the sidewalk superintendent of the city, or one of the aldermen of the ward in which such injury shall have occurred, within *five days* of the occurrence of such injury. Sec. 5, ch. 299, Laws of 1885. The complaint shows that within thirty days after the happening of the accident a written notice was given to the mayor and common council, stating the facts as to how and where the injury was sustained; but there is no averment that the five days notice was given, which is required by sec. 5, ch. 299. The complaint was doubtless held defective because it did not allege that such notice was given. The counsel for the defendant insists that the complaint is fatally defective for that reason, because, he says, the liability of the city is wholly statutory, and it was incumbent upon the plaintiff to show that he had complied with the re-

quirements of the charter in that regard in order to maintain the action.   In several actions against towns and cities for injuries suffered by reason of a defective highway or sidewalk, the giving of the prescribed notice has been held to be in the nature of a condition precedent to the right to sue for the damages.   *Susenguth v. Rantoul*, 48 Wis. 334; *Benware v. Pine Valley*, 53 Wis. 527; *Wentworth v. Summit*, 60 Wis. 281.   I should have great doubt about the validity of the provision requiring the notice to be *given within five days of the injury*, even if the liability of the city in the case was wholly statutory.   The time fixed is unreasonably short, and in many cases could not be complied with.   The injured person might be unconscious, or so seriously hurt that he could not state " the place where, and the time when, such injury was received, and the nature of the same," within that period; so that the remedy given is coupled with an impossible condition.   Such a provision is unreasonable and unjust, and fairly obnoxious to all the objections taken to the enactments in *Durkee v. Janesville*, 28 Wis. 464, and *Hincks v. Milwaukee*, 46 Wis. 559.   It is an arbitrary and unreasonable provision, which professes to give a remedy for an injury, but annexes to it a condition which in many cases cannot be complied with because the time fixed for serving the notice is so short.

But the facts in this case show that the city created a nuisance in the public street, and it is liable therefor upon the same principles as an individual would be for a similar act.   It is a fair inference from the complaint that the roller — which was an unsightly object, naturally calculated to frighten horses — was put and left in the street 'by the agents and servants of the city.   It is alleged that the roller belonged to the city, was used by it for the purpose of making its streets more compact, and was carelessly left where it obstructed a public street.   At common law any act or obstruction which unnecessarily incommodes or im-

pedes the lawful use of a highway by the public is a nuisance. Angell on Highw. sec. 223. In this case the city itself created the nuisance, as much as though it had dug a ditch in the street, or placed a pile of stone or any other obstruction in the highway, which made it dangerous to travelers; and why should it be exempted from liability to a party injured, on general principles? The injury was not caused by an act of non-feasance, but by malfeasance,— doing an act which was wholly wrongful. The injury was produced by its positive act as much as by its neglect. A municipal corporation is no more exempt from liability in case it creates a nuisance, either public or private, than an individual. SELDEN, J., in *Weet v. Trustees*, 16 N. Y. 161, 172. That was an action brought for an injury in falling into a hole beneath a platform which constituted an extension of the sidewalk. The court, after a most able and exhaustive discussion of the authorities, rested the liability of the village upon the ground that it constructed the platform in such a manner as to constitute it a public nuisance. Among other cases referred to was the case of *Mayor v. Furze*, 3 Hill, 612, and it was commented on as follows: "This case illustrates another distinction which is directly applicable to the case under consideration. The decision therein is not put exclusively upon the ground of the liability of the corporation for a mere non-feasance. The facts of the case show that the corporation had created a nuisance. They constructed the sewers, the obstruction of which produced the overflow upon the plaintiff's premises. The injury was produced as much by their positive act as by their neglect. Under such circumstances, a corporation, whatever may be its nature, is liable to the same extent and upon the same principles as an individual would be for a similar injury." And finally the court closes the opinion by saying that "it follows from the preceding reasoning that, if we regard the injury to the plaintiff as the result

of mere neglect to keep the highways of the village in repair, the defendants would be responsible in this action for such neglect, upon the ground that their acceptance of the franchise granted by their charter raised an implied undertaking or contract on their part to perform that duty, which, upon the principles referred to, inures to the benefit of every individual interested in such performance. But it is unnecessary to revert to this doctrine to establish the responsibility of the defendants in this cause, for the reason that the injury to the plaintiff was not the result of a mere non-feasance on the part of the defendants, but was produced by their construction of the platform in question in such a manner as to constitute it a public nuisance."

The case before us comes fully within the doctrine of these authorities, which are applicable to the facts stated in the complaint; therefore sec. 5, ch. 299, Laws of 1885, does not apply. See, also, *Little v. Madison*, 42 Wis. 643; *Pettigrew v. Evansville*, 25 Wis. 223; *Weightman v. Washington*, 1 Black, 39; *Nebraska City v. Campbell*, 2 Black, 590; *Stetson v. Faxon*, 19 Pick. 147; *Comm. v. Rush*, 14 Pa. St. 186; Whart. Neg. §§ 262–264; Cooley on Const. Lim. 246 *et seq.*

It follows from these views that the order of the county court sustaining the demurrer to the complaint was erroneous and must be reversed.

*By the Court.*— Order reversed, and cause remanded for further proceedings.