McKibben vs. Amory and others.

89  607
98  652
89  607
104  369

McKibben, Appellant, vs. Amory and others, Respondents.

*February 8 — March 5, 1895.*

*Municipal corporations: Injury from defective sidewalk: Liability of lot .*
*owner: Notice: Condition precedent: Uniformity in charters.*

1. The Fond du Lac city charter requires every lot owner to keep his
   sidewalk in repair, and makes him liable to any person injured by
   defects therein, provided that no action shall be maintained against
   him unless commenced within one year, nor unless written notice
   of the time and place of the injury, etc., is given him within thirty
   days after it happened. *Held,* that the giving of such notice is a
   condition precedent to the maintenance of an action.
2. The right of action being given solely by the statute, the conditions
   imposed were within the discretion of the legislature.
3. Such charter provisions are not void because they are limited to
   lot owners in Fond du Lac and do not apply to the state at large,
   since at the time they were enacted the constitution did not require
   uniformity in city charters.

APPEAL from a judgment of the circuit court for Fond du
Lac county: N. S. GILSON, Circuit Judge. *Affirmed.*

This action was commenced May 23, 1893, to recover dam-
ages for personal injuries sustained by the plaintiff March 4,
1893, by reason of an alleged defective sidewalk in front
of the premises owned and occupied by the defendants in
the city of Fond du Lac. The answer consists of admissions
of the ownership of the property, and denials of all careless-
ness and negligence on the part of the defendants or any
of them, and alleges contributory negligence on the part of
the plaintiff. At the close of the trial the court granted a
nonsuit, and from the judgment entered thereon the plaintiff
appeals.

For the appellant there was a brief by *Phelps & Watson,*
and oral argument by *E. W. Phelps.* They contended, *inter
alia,* that the liability of lot owners is coupled with a condi-
tion requiring the service of thirty days' notice, which is a

protection against these actions which other citizens of the state do not enjoy. This law, so far as it applies to property owners, is subject to all the objections set forth in *Durkee v. Janesville*, 28 Wis. 464, and especially in *Hincks v. Milwaukee*, 46 id. 566, and *Janesville v. Carpenter*, 77 id. 302, and is not constitutional.

*Maurice McKenna*, for the respondents.

CASSODAY, J. 1. The city charter required the defendants at all times to keep and maintain the sidewalk in front of their premises "in a safe, convenient, and effective condition, for the use of any person" walking thereon; and gave to any person "injured by reason of the unsafe or defective condition of such" sidewalk "the right to maintain an action in any court of record against" them, as such owners, "for all damages or injury of every nature resulting to such person . . . by reason of the neglect of such" owners to maintain such "sidewalk in a safe, convenient, and effective condition;" and further "*provided* that no action shall be maintained against such owner, unless the same be commenced within one year from the time such injury shall have happened to the person so claiming such damages, *nor unless notice in writing* by the person injured or claiming damage shall have first been given to such owner, if a resident of said city, or to his resident agent in charge of such property, if he have one, *within thirty days from the time such injury shall have happened*, stating the place where and the time when such injury occurred and the amount of damages claimed; but when the person so injured shall in consequence thereof be bereft of reason, the notice shall not be required until thirty days after he has been fully restored to consciousness." Sec. 1, subch. 18, ch. 152, Laws of 1883, as amended by sec. 3, ch. 435, Laws of 1889.

There is no claim that the plaintiff, or any one in her behalf, within thirty days from the time of such injury, or at

any time, gave to the defendants or any of them, or to any resident agent of theirs, notice, in writing or otherwise, stating the time when or the place where such injury occurred, or the amount of damages claimed by the plaintiff; nor is there any claim or pretense that the plaintiff is bereft of her reason in consequence of such injury. If the provisions of the charter quoted are valid, then there can be no question but what the giving of such notice within the time required was a condition precedent to the maintenance of this action. *Benware v. Pine Valley*, 53 Wis. 527; *Wentworth v. Summit*, 60 Wis. 281; *Sowle v. Tomah*, 81 Wis. 351; *Eron v. Stevens Point*, 85 Wis. 379; *Steltz v. Wausau*, 88 Wis. 618.

2. A reversal is sought on the ground that the notice of thirty days, thus required, was unreasonably short, under the circumstances of this case. It is to be remembered that no action lies at common law for such damages against an abutting lot owner. *Stilling v. Thorp*, 54 Wis. 532. The right of action having been given solely by statute, the legislature, in granting the right, had the power to impose the conditions upon which it might be exercised. The conditions named were, as we think, within the discretion of the legislature.

3. It is contended that the charter provisions quoted are void because they do not apply to the state at large but are limited to abutting lot owners in the city of Fond du Lac. But at the time of those enactments, respectively, there was no constitutional provision requiring uniformity in city charters. Such want of uniformity may, and undoubtedly has, increased litigation; but the responsibility for the same rests upon the legislature and not upon the courts. The constitutional amendment of 1871, prohibiting the enactment of any special or private laws in the several cases therein mentioned, expressly excepted therefrom the right of "granting corporate powers or privileges" to cities.

Const. art. IV, sec. 31, subd. 7.   The result has been a variety of provisions in respect to such liability in the several city charters of the state.   Such provisions have been before the court in numerous cases, and we have no doubt of their validity.   Cases cited as being to the contrary are clearly distinguishable.

*By the Court.*— The judgment of the circuit court is affirmed.

