### WEBSTER v. CITY OF BEAVER DAM.

#### (Circuit Court, E. D. Wisconsin. January 10, 1898.)

1. MUNICIPAL CORPORATIONS—SIDEWALKS—PERSONAL INJURY.
   Charter provisions imposing upon abutting property owners the duty of keeping sidewalks in repair, and making such owners primarily liable for any negligence therein, are for the protection of the city, not the traveler, and do not relieve the municipality of its duty to provide safe thoroughfares, nor release it from liability for damages for failure to perform the same.

2. SAME—COMMON-LAW LIABILITY.
   A municipal corporation is responsible for its negligence under its common-law liability, independent of any statutory declaration.

3. SAME—NOTICE.
   An action against a municipality to recover for personal injuries will not fail because notice was not given within 15 days after the injuries were received, as required by the charter and general law, when the injured person was by the accident rendered incapable of serving such notice within that time, but served the same as soon as she was able.

This was an action at law by Adelaide H. Webster against the city of Beaver Dam to recover for personal injuries alleged to have been caused by a defective sidewalk in the defendant city. The case was heard on demurrer to the complaint.

George F. Martin and Quarles, Spence & Quarles, for plaintiff.
M. E. Burke and O'Connor, Hammel & Schmitz, for defendant.

SEAMAN, District Judge. The demurrer raises the question of the sufficiency of the complaint to charge liability against the municipality upon two grounds: (1) That it appears that the abutting lot owner described in the complaint is primarily liable, and the city is not liable until that remedy is exhausted; (2) that notice was not given within 15 days, as required both by the charter and the general law to maintain an action of this nature.

1. The first objection is based upon provisions of the charter (1) making it the duty of abutting lot owners to keep the sidewalk "in

good and sufficient condition for use"; and (2) in case of injury to any person by reason of defects, which include sidewalks, "produced by the default or negligence of any person or corporation, such person or corporation guilty of such negligence shall be primarily liable," and all legal remedies must be exhausted against such person before the city shall become liable. The recent decision of the supreme court of the state in Selleck v. Tallman, 93 Wis. 246, 67 N. W. 36, effectually disposes of this point, under charter provisions of the city of Janesville which are substantially identical with those of the defendant city so far as relates to this inquiry. As there held, the duty of the lot owner to repair runs to the corporation, not to the traveler. The municipality owes the duty to the public (which includes the traveler) of providing safe thoroughfares, and, so far as the lot owner is required to repair or bear the expense of repairing them, it is only as a means for the performance by the city of its public duty. The provision as to primary liability is then construed as applicable to cases of active negligence, where the lot owner places obstructions, makes excavations, or otherwise produces the cause of injury, and not to cases of mere default, as in the failure to repair. See, also, Toutloff v. City of Green Bay, 91 Wis. 490, 65 N. W. 168. These cases are decisive both upon principle and as authority.

2. The second ground presents a question which has not been passed upon by the supreme court of the state. Numerous decisions are cited having reference to the previous general statute which prescribes a notice to be given within 90 days of the injury, and in some instances to charter provisions having less than that time limit; but I have found no Wisconsin case in which the direct inquiry arose of the applicability or reasonableness of the limitation, where the injured person was disabled by the injury or otherwise, so that notice could not be given within the time limited, as alleged in this complaint. Nor is there any determination of the reasonableness or unreasonableness of an unqualified limit within the brief period allowed by the statutes in question, except the pertinent intimation in Hughes v. City of Fond du Lac, 73 Wis. 380, 382, 41 N. W. 407, 408, in reference to a charter limit of five days for such notice, which appears in the following remark by Chief Justice Cole in the opinion:

"I should have great doubt about the validity of the provision requiring the notice to be given within five days of the injury, even if the liability of the city in the case was wholly statutory. The time fixed is unreasonably short, and in many cases could not be complied with. The injured person might be unconscious, or so seriously hurt that he could not state 'the place where, and the time when, such injury was received, and the nature of the same,' within that period; so that the remedy given is coupled with an impossible condition. Such a provision is unreasonable and unjust, and fairly obnoxious to all the objections taken to the enactments in Durkee v. Janesville, 28 Wis. 464, and Hincks v. City of Milwaukee, 46 Wis. 559, 1 N. W. 230. It is an arbitrary and unreasonable provision which professes to give a remedy for an injury, but annexes to it a condition which in many cases cannot be complied with, because the time fixed for serving the notice is so short."

Therefore the duty is devolved upon this court to ascertain the force and interpretation of this statutory requirement so far as the demurrer raises that question. Whether the time given is

per se reasonable or not does not arise in the present aspect of the case, for the reason that the complaint alleges, in substance, the physical incapacity of the plaintiff to give the notice within the time required, and that it was given as soon as she was in condition to attend to it. With these allegations taken as true, and in the light most favorable to the plaintiff, as required upon demurrer, a case is presented in which the application of the literal terms of the statute must bar any recovery for the injury suffered, and solely because the severity or nature of the injury delayed the giving of notice beyond the 15 days, although a right of action is distinctly recognized and preserved by the same statute in favor of one who, by reason of the moderation of his injury, is not so disabled, and is not prevented by other intervening cause from serving the notice. So construed, there is manifest injustice in the strict application of the proviso to the case at bar; and, if it is open to the test of reasonableness in that view, there is no room for doubt that it must be held inoperative. Whether the statute may be tested by that rule, as intimated in Hughes v. City of Fond du Lac, supra, even in case the right of action were wholly statutory, is not material for determination of the question here as one of first instance, for the reason that the doctrine is now firmly established by decisions of the supreme court of the United States that municipalities are responsible for their mere acts of negligence in the care of streets and the like, as a common-law liability, not dependent upon express statutory declaration. Barnes v. District of Columbia, 91 U. S. 540, 551; Cleveland v. King, 132 U. S. 295, 303, 10 Sup. Ct. 90; Weightman v. Washington, 1 Black, 39, 52; 2 Dill. Mun. Corp. § 1017.

Counsel for the defendant relies upon a line of decisions in Massachusetts, and especially upon remarks in certain of the numerous cases upon this general subject in opinions by the supreme court of Wisconsin, as maintaining the contrary doctrine. As to the rule held by Massachusetts, it is sufficient that the supreme court of the United States has distinctly pronounced otherwise; and the question being one of the general law of liability, independent of statute, it establishes a rule of decision for this court. Referring to the Wisconsin cases cited (McLimans v. City of Lancaster, 63 Wis. 596, 23 N. W. 689; Sowle v. City of Tomah, 81 Wis. 349, 51 N. W. 571; and McKibben v. Amory, 89 Wis. 607, 62 N. W. 416), I am of opinion that it was not necessary to the decision in either case to hold the liability to be created by the statute; that the remark thereupon in the first-mentioned case, followed in the other two, was inadvertent, as the only citation was to a case of township liability, and the view stated does not appear to have entered into the prior well-considered cases in the same line, nor to be entirely in accord with the reasoning in Hincks v City of Milwaukee, 46 Wis. 559, 1 N. W. 230; and that the expressions are clearly not controlling for the present consideration. With her right of action existing independent of statute, and a certain remedy guaranteed by article 1, § 9, of the state constitution, I am satisfied that neither statute in question can be

held to operate as a bar under the circumstances alleged. Durkee v. Janesville, 28 Wis. 464, 471; Hincks v. City of Milwaukee, 46 Wis. 559, 566, 1 N. W. 230. The demurrer must be overruled, with leave to defendant to answer in 30 days. So ordered.