Daniels vs. The City of Racine.

DANIELS, Appellant, vs. THE CITY OF RACINE, Respondent.

*March 1 — March 22, 1898.*

*Municipal corporations: Notice of injury by defective sidewalk: Constitutional law.*

| | |
|---|---|
| 98 | 649 |
| f102 | 19 |
| f102 | 305 |
| d104 | 47 |
| 98 | 649 |
| 106 | 579 |
| 98 | 649 |
| 112 | 220 |
| 98 | 649 |
| 113 | 70 |
| 98 | 649 |
| 115 | 543 |
| 115 | 546 |

The provision of sec. 1339, R. S. 1878, as amended by ch. 223, Laws of 1897, limiting the time for service of notice of injuries caused by defects in highways and streets to "thirty days in the case of any county or town, and fifteen days in the case of any city or village," is not unconstitutional, either because the time prescribed is unreasonably short, or because a different limitation is prescribed in case of counties and towns from that prescribed in case of cities and villages.

APPEAL from a judgment of the circuit court for Racine county: FRANK M. FISH, Circuit Judge. *Affirmed.*

The case is stated in the opinion.

For the appellant there was a brief by *Ritchie & Heck,* and oral argument by *M. W. Heck.* They argued that ch. 236, Laws of 1897, limiting the time for giving notice of injury to fifteen days in cities and villages, is in violation of sec. 9, art. I, Const., in that it makes the time unreasonably short. *Hughes v. Fond du Lac,* 73 Wis. 382; *Durkee v. Janesville,* 28 id. 464; *Hincks v. Milwaukee,* 46 id. 559. It in effect bars of their remedy those who have suffered the greater injury and been disabled from giving the notice within the time fixed by statute, and creates a discrimination in favor of cities and villages as against towns and counties. It conflicts with the essential spirit of our fundamental laws, and that is sufficient to render it unconstitutional. *Bull v. Conroe,* 13 Wis. 237; *Janesville v. Carpenter,* 77 id. 303; *Durkee v. Janesville,* 28 id. 464, 467, 469.

*C. C. Gittings,* for the respondent.

CASSODAY, C. J.    This is an action for personal injury sustained by the plaintiff by reason of an alleged defective sidewalk. The complaint alleges, in effect, that the sidewalk on

the south side of Eighth street was built of pine planks laid on pine stringers, and extended from Washington avenue westward over 200 feet in length; that August 5, 1897, and for several months immediately prior to that date, said sidewalk was and had been out of repair and in an unsafe condition for travel; that many of the planks were rotten, decayed, loose, and broken, and many of the stringers were rotten and decayed, and the defendant had negligently permitted the same during all of that time; that on the day named the plaintiff, while carefully walking on said sidewalk at a point designated, was, by reason of such unsafe condition and without fault on her part, tripped, and violently thrown to the ground, and thereby sustained serious injury, for which she claims $5,000 damages; that August 26, 1897, the plaintiff caused to be served on the defendant's city clerk a notice in writing stating the time and place where her damage occurred, and describing the insufficiency and want of repair of the sidewalk which caused it, and prayed judgment accordingly. To such complaint the defendant demurred on the ground that it appears upon the face thereof that the complaint does not state facts sufficient to constitute a cause of action. Upon the hearing of the cause the court entered an order sustaining the demurrer, and thereupon entered judgment dismissing the complaint. From that judgment the plaintiff brings this appeal.

The demurrer was sustained on the ground that the notice required by R. S. 1878, sec. 1339, as amended by Laws of 1897, ch. 236, was insufficient. By that amendment the notice of ninety days, as originally required, was reduced to "thirty days in the case of any county or town, and fifteen days in the case of any city or village." Prior to that amendment this court had repeatedly held, in effect, that a complaint which failed to allege the giving of the notice required by the statute was defective, and that such defect could be taken advantage of by demurrer. *Benware v. Pine Valley*, 53 Wis. 527; *Wentworth v. Summit*, 60 Wis. 281; *Flieth v.*

Daniels vs. The City of Racine.

*Wausau*, 93 Wis. 446. Our statutes on highways were bor-
rowed from Massachusetts. Several years ago they were
extended to cities. R. S. 1878, sec. 1347; *Huston v. Ft. At-
kinson*, 56 Wis. 354. At an early day it was held in Massa-
chusetts that at common law no action could be sustained
against a town for damages by reason of a defective high-
way. *Mower v. Leicester*, 9 Mass. 247; *Holman v. Townsend*,
13 Met. 297, 300; *Sawyer v. Northfield*, 7 Cush. 494. The
same rule was applied to cities. *Barry v. Lowell*, 8 Allen,
127. In *Oliver v. Worcester*, 102 Mass. 499, the court said:
" To render municipal corporations liable to private ac-
tions for omission or neglect to perform a corporate duty
imposed by general law on all towns and cities alike, and
from the performance of which they derive no compensation
or benefit in their corporate capacity, an express statute is
doubtless necessary. Such is the well-settled rule in actions
against towns or cities for defects in highways." In a later
case, GRAY, C. J., in a very lengthy and learned opinion, re-
views the English and American cases, and states as his con-
clusion: "There is no case in which the neglect of a duty
imposed by general law upon all cities and towns alike has
been held to sustain an action by a person injured thereby
against a city when it would not against a town. The only
decisions of the state courts in which the mere grant by the
legislature of a city charter authorizing and requiring the
city to perform certain duties has been held sufficient to
render the city liable to a private action for neglect in their
performance when a town would not be so liable are in New
York since 1850, and in Illinois." *Hill v. Boston*, 122 Mass.
344, 379. That opinion is expressly considered and sanc-
tioned by Mr. Dillon in his valuable work. 2 Dillon, Mun.
Corp. (4th ed.), §§ 965, 1022. The principles of that case
were reaffirmed in *Pettingell v. Chelsea*, 161 Mass. 368.
There certainly was no common-law liability for the mere
want of repair in a sidewalk as alleged in the case at bar.

Daniels vs. The City of Racine.

2 Dillon, Mun. Corp. § 990. This is in harmony with the rulings of this court. *Stilling v. Thorp,* 54 Wis. 532; *McKibben v. Amory,* 89 Wis. 609.

Since the only right of action in the case at bar was given by statute, there can be no question but that the legislature had the power to wholly take it away by statute. *Dillon v. Linder,* 36 Wis. 344; *Rood v. C., M. & St. P. R. Co.* 43 Wis. 146; *McLimans v. Lancaster,* 63 Wis. 600, 601. The power of the legislature to take away the right of action entirely necessarily included the right to annex such conditions upon the exercise of such right as the legislature might prescribe. It has been quite common in city charters in this state to shorten the time for giving such notice. This court sustained a charter provision giving only thirty days' notice in such a case. *McKibben v. Amory,* 89 Wis. 607. In a recent case in Connecticut a statute requiring only fifteen days' notice in such a case was held to be constitutional. *Crocker v. Hartford,* 66 Conn. 387. And the same was substantially held in a recent case in Maine. *Chase v. Surry,* 88 Me. 468.

The amendment to the statute in question applies to all cities and villages. The mere fact that it requires double the time in the case of any county or town that it does in the case of any city or village is no objection. The constitution does not require uniformity in that respect. *McKibben v. Amory, supra.* The case is clearly distinguishable from *Durkee v. Janesville,* 28 Wis. 464; *Hincks v. Milwaukee,* 46 Wis. 559; *Hughes v. Fond du Lac,* 73 Wis. 380. It is true, the statute requiring such notice is broad enough to include causes of action against municipalities which existed at common law, as well as causes of action created only by statute. *Hughes v. Fond du Lac, supra,* was such a case.

We must hold that the demurrer was properly sustained.

*By the Court.*— The judgment of the circuit court is affirmed.